IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOUK BOHEMIAN LLC<br><br>    Plaintiff,<br><br>v.<br><br>TONI WILLIAMS, individually and on behalf of CULTIVATING CULTURES LLC,<br><br>QAMRA CLARKE, individually and on behalf of CULTIVATING CULTURES LLC,<br><br>and CULTIVATING CULTURES LLC,<br><br>    Defendants. | Case No:<br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMPLAINT**

PLAINTIFF SOUK BOHEMIAN LLC (hereinafter, the "Plaintiff") for its Complaint against DEFENDANTS CULTIVATING CULTURES, LLC, TONI WILLIAMS and QAMRA CLARKE, (hereinafter, the "Defendants"), alleges as follows:

**PARTIES AND JURISDICTION**

1. This is an action for trade dress infringement, unfair competition and false designation of origin, misappropriation of trade secrets, and breach of

Page 1

fiduciary duties. This action arises under 15 U.S.C. § 1051, et seq. ("the Lanham Act"); the Georgia Uniform Deceptive Trade Practices Act; the Georgia Trade Secrets Act; federal common law; and state common law, including the law of Georgia.

2. This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, and 1367(a).

3. Plaintiff Souk Bohemian LLC is a Georgia limited liability company having an address of 675 Ponce De Leon Ave NE, Suite N211, Atlanta, GA 30308.

4. Defendant Cultivating Cultures LLC is a Georgia limited liability company having an address of 1239 Allene Ave. SW #302, Atlanta, GA, 30310.

5. Defendant Toni Williams is a Georgia resident having an address of 1239 Allene Ave. SW #302, Atlanta, GA, 30310.

6. Defendant Qamra Clarke is a Georgia resident having an address of 1805 Harvard Ave, College Park, GA 30337.

7. On information and belief, this Court has personal jurisdiction over the Defendants because the Defendants have committed, and continue to commit, acts of infringement in this District, have conducted business in this District, and/or have engaged in continuous and systematic activities in this District. All three Defendants are located within this District and purposefully and intentionally avail themselves of the privileges of doing business in the State of Georgia, including in

this District.

## VENUE

8.     Venue is proper in this District under 28 U.S.C. §1391, as all of the Defendants are deemed to reside in this District.

## GENERAL ALLEGATIONS

9.     Plaintiff Souk Bohemian LLC was originally formed on April 4, 2018, for the purpose of formalizing and legitimizing an online store, https://soukbohemian.com, originally launched in late 2016 by Vanessa Coore Vernon.

10. The success of Plaintiff's online store continued when it released a creative literally work called "Brown Bō'hēmians" published on February 18, 2020, by Simon & Schuster (the "Book"), with publication being worldwide.

11.    Up until the filing of this Action, the Book is currently available for sale at online retailers such as Amazon and Target, and in brick-and-mortar locations such as Barnes & Noble, amongst other locations.

12.    The Book is centered around, amongst other things, the essence and voice of creative people of color. The book highlighted Plaintiff's brand through the curation of a visual aesthetic essential to the underrepresented community focused on by the Book.

13.    Utilizing diacritics in the naming of Plaintiff and the Book with

"Bō'hēmians" was a distinctive and instrumental choice in creating a unique and identifiable characteristic to create a "Souk Bō'hēmian" brand (the "Souk Brand") to uniquely identify Plaintiff in a crowded marketplace.

14. Plaintiff continued its growth on May 5, 2022, whereby Plaintiff further launched a brick-and-mortar store located at 675 Ponce De Leon Ave NE, Atlanta, GA 30308, more commonly known as Ponce City Market. Plaintiff utilized the Souk Brand in launching the brick-and-mortar location as the online popularity of the store grew, and the publicity and attention garnered by the Book warranted the need for a physical store location.

15. The brick-and-mortar expansion allowed the Souk Brand to be sold and reached by local consumers in the Fulton County community.

15. Plaintiff at all times has had confidential and proprietary business plans and trade secrets which enabled it to grow at an exponential rate and expand into the brick-and-mortar store locations.

16. At this same time around November 2022, Defendant Qamra Clarke became an employee of Plaintiff's and had access to the confidential and proprietary business plans and trade secrets up until her leaving the business in April of 2024.

17. At this same time around September of 2022, Defendant Toni Williams worked as a broker for Jamestown LP, the owner and landlord of the

Ponce City Market location (the "Landlord") and had access to the confidential and proprietary business plans and trade secrets through her agency relationship with the Landlord.

18. After opening the first brick and mortar location, Plaintiff sent a new proprietary business plan titled "LōCAL Bō'HēMIAN" to the Landlord and Defendant Toni Williams as the Landlord's agent in September of 2022 relating to a hospitality business whereby Plaintiff would curate and design rentable space utilizing the Souk Brand and Souk Trade Dress at the Ponce City Market location.

19. During this same time period, on May 1, 2023, the Souk Brand expanded further into a second location at Ponce City Market to further sell the products and services of the Souk Brand as it gained even more popularity and notoriety in the Fulton County community.

20. As of the filing of this Action, Plaintiff currently has an online store, and three brick and mortar locations to sell its products and services relating to the Souk Brand.

20. Upon information and belief, during the second brick and mortar expansion in 2023, Defendant Cultivating Cultures LLC was utilizing Defendant Toni Williams and Defendant Qamra Clarke to source the proprietary business plans and trade secrets without authority to create its own competing business utilizing the Souk Trade Dress.

21. Plaintiff became aware of the unauthorized access to, and taking of, the proprietary business plans and trade secrets on or about April 6, 2024, whereby the Plaintiff's Canva accounts were accessed and information was altered and taken.

22. Upon information and belief, Defendants utilized the Souk Brand and Souk Trade Dress in creating a confusingly similar business plan and marketing materials attached hereto as Exhibit A.

23. Upon information and belief, the Defendants conspired to take and replicate the proprietary business plans and trade secrets prior to the unauthorized access on or about April 6, 2024, all while Defendant Qamra Clarke was an employee of Plaintiff's, and Defendant Toni Williams was under an agency relationship with Plaintiff.

24. Upon information and belief, Defendants knowingly used Plaintiff's products and Souk Trade Dress in its marketing and advertising to the public to misrepresent the origin of the competing business, or a false affiliation with Plaintiff's business.

24. Upon information and belief, Defendants knew they were taking confidential and protected trade secrets, and knew they were utilizing Souk Trade Dress to create a confusingly similar business to compete with Plaintiff to its detriment.

# COUNT I
## (Trade Dress Infringement and False Desgination of Origin – Lanham Act § 43(a), Against All Defendants)

25. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. By reason of Defendants' acts complained herein concerning the replication of Plaintiff's proprietary business plan, branding, and trade dress, Defendants, and each of them, have intentionally engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Souk Bohemian and Defendants' goods, and an infringement of Plaintiff's trade dress rights in violation of U.S.C. § 1125(a). Plaintiff believes that customers are likely to be confused by Defendants' use of such false designations of origin, false descriptions or representations regarding Plaintiff's and Defendants' goods and services, and by Defendants' confusingly similar trade dress.

27. In addition, Defendants' trade dress infringement, coupled with their false designations of origin, false descriptions, and misrepresentations, including advertising, regarding Plaintiff's and Defendants' goods and services, is likely to confuse clientele of hospitality services into thinking that Plaintiff is the source of

Defendants' goods and services, or is in some manner affiliated with Plaintiff.

28. Because of Defendants' conduct, Plaintiff has been irreparably harmed in its business. Moreover, Plaintiff will continue to suffer irreparable harm unless Defendants are restrained from infringing upon Plaintiff's trade dress and making false designations of origin, false descriptions, or misrepresentations regarding Plaintiff's and Defendants' goods and services.

## COUNT II
### (Unfair or Deceptive Practices in Violation of the Georgia Uniform Deceptive Trade Practices Act O.C.G.A. § 10-1-393, Against All Defendants)

29. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

30. Georgia Uniform Deceptive Trade Practices Act, Section 393 states, in relevant part, that: "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful."

31. Through their trade dress infringement, advertising, distribution, offer to sell services bearing a confusingly similar trade dress, and misrepresentation of affiliation or designation of origin, the Defendants have engaged in consumer-oriented conduct that has affected the public interest of Georgia and has resulted in injury to consumers in Georgia.

32. The Defendants' deceptive acts or practices, as described herein, are

materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendants have directed their marketing activities, and Plaintiff has been injured thereby.

33. By the acts described above, the Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 393 of the Georgia Uniform Deceptive Trade Practices Act.

34. The Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff Souk Bohemian LLC. The Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT III

## Breach of Fiduciary Duty in Violation of the Georgia Common Law Against Defendant Qamra Clarke

35. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

36. As an employee to Plaintiff at the time of breach, Defendant Qamra Clarke owed fiduciary duties to Plaintiff to act in Plaintiff's best interests in matters related to Defendant Qamra Clarke's employment. Defendant Qamra Clarke's fiduciary duties included, amongst other things, from engaging in other acts of direct competition with Plaintiff.

37. Defendant Qamra Clarke breached her fiduciary duty to not compete

with Plaintiff by taking confidential and proprietary business plans and giving them directly to Defendant Toni Williams and Defendant Cultivating Cultures LLC to use in direct competition with Plaintiff.

38. Plaintiff has been damaged by the Defendant Qamra Clarke's breach of fiduciary duty.

## COUNT IV
### (Misappropriation of Trade Secrets in Violation of the Georgia Trade Secrets Act O.C.G.A. § 10-1-760, Against All Defendants)

39. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

40. Plaintiff, through its business practices and methods, developed proprietary business plans and trade secrets relating to business expansions and territories. Amongst other things, these trade secrets were not commonly known by or available to the public and which information derives substantial economic value and potential by being secret.

41. Defendants, without authority, misappropriated the trade secrets of Plaintiff by hiring a then current employee of Plaintiff to take the trade secrets and develop a competing business plan for Defendant Cultivating Cultures LLC which uses a substantial portion of Plaintiff's trade secrets.

42. Plaintiff has been damaged by the Defendant Cultivating Cultures LLC's misappropriation of Plaintiff's trade secrets.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of the Souk Trade Dress;

(c) Award Plaintiff damages in an amount to be determined at trial;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: July 29, 2024                    Respectfully submitted,

*/s/ Granison E. Eader*
GRANISON EADER
CONWAY EADER LLLP
50 HURT PLAZA, SE STE 1142
ATLANTA GA, 30303
ted@conwayeader.com

ATTORNEY FOR PLAINTIFF