IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SOUK BOHEMIAN LLC, :
:
    Plaintiff, :
:
    v. : CIVIL ACTION NO.
: 1:24-CV-3384-ELR-JSA
TONI WILLIAMS, individually and on :
behalf of Cultivating Cultures LLC, et :
al., :
:
    Defendants. :

## O R D E R

The above-captioned action is before the Court on the parties' Fourth Joint Status Report [79] filed June 10, 2026, and Plaintiff's Motion for Extension of Discovery [78] filed on the same date. For the reasons discussed below, Plaintiff's Motion for Extension of Discovery [78] is **GRANTED IN PART**.

As background, discovery in this case originally closed in September of 2025. The District Judge re-opened discovery at the parties' request and referred the management of discovery to the undersigned in light of a significant series of discovery disputes between the parties. *See* Order [59]. Subsequently, the undersigned held a lengthy hearing on November 20, 2025, and issued an Order [64] resolving the discovery disputes and ordering various actions to be taken, including that the parties file a status report as to the remaining matters to wrap up by December 2025. *See* Order [64] at 6. We are now here, seven and a half months after

the Court's discovery Order and over nine months after discovery originally closed, with yet another Joint Status Report from the parties reporting that they are apparently minimally through discovery in this matter.

The parties differ in what they propose at this time. Defendants propose that the Court immediately refer the matter to judicial mediation before a Magistrate Judge, and if that is unsuccessful, allow an additional 45 days of discovery for depositions. *See* Status Report [79]. In the Motion for Extension of Discovery [78], Plaintiff proposes that the Court extend discovery for an additional astounding period of 90 days to complete all discovery, including depositions, after which Plaintiff proposes to engage in mediation. Plaintiff takes the position that mediation now, before depositions, would not likely be fruitful because of the lack of information known to the parties. *See* Mot. [78] at 2.

The Court will adopt neither of these proposals, both of which assume too many liberties with the scheduling of this case for which discovery was supposed to be completed nine months ago, and which likely would have been through summary judgment and trial (if necessary) by now on that schedule.

First, the Court will refer the case to mediation if the parties agree that mediation will likely result in settlement. But the case is too delayed and the resources of the Magistrate Judges in this District are too stretched for the Court to refer a case to mediation that is not likely to be productive. There is currently a dispute in this regard, and the Court therefore will not take a chance that mediation

2

will be a waste of time and therefore will not refer to mediation absent the parties' joint request.

Second, the Court must set a firm date for the closure of all discovery. The Court cannot fathom why no depositions have occurred in the many, many months of discovery that have passed. The Court also never approved any informal agreement between the parties that they could delay all depositions altogether and have as much as 45 days to complete depositions at some point once they decided they were ready. Nevertheless, although this period is longer than what the Court would otherwise have granted to complete discovery, and in part in recognition of two federal holidays in the coming weeks, the Court will set a **FIRM, FINAL AND COMPLETE DISCOVERY CUT-OFF** date of **JULY 27, 2026**, which is slightly more than 45 calendar days from the date of this Order. If the parties wish to mediate before filing any summary judgment motions after that point, they should return to the Court with such a request. Of course, professional counsel are also able and encouraged to negotiate settlement options between themselves at any time.

**IT IS SO ORDERED** this 10th day of June, 2026.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

3