# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SOUK BOHEMIAN, LLC,

     Plaintiff,

  v.

TONI WILLIAMS, individually and on behalf of CULTIVATING CULTURES LLC, QAMRA CLARKE, individually and on behalf of CULTIVATING CULTURES LLC, and CULTIVATING CULTURES LLC.,

     Defendants,

v.

VANESSA COORE VERNON,
Third Party Defendant.

CASE NO.
1:24-cv-03384-ELR

## NOTICE OF INTENT TO SERVE SUBPOENA
## ON NON-PARTIES

COMES NOW, Souk Bohemian, LLC ("Plaintiff"), by and through its counsel, and pursuant to Fed. R. Civ. P. 34 and 45, serves upon counsel of record this Notice Of Intent To Serve Subpoena Commanding Production of Documents.

You are hereby notified that counsel for Plaintiff will serve a subpoena commanding the production of documents on the following persons/ entities:

1. Alison Cross
2. Canva US, Inc
3. Good Places, LLC/ Cherie Ong

4.  Day & Day Company, LLC/ Ms. Nicole Ives Day
5.  Pavan Iyer/ eightvillage LLC
6.  Ethan Martin
7.  Jamestown Properties, LLC
8.  King of Pops Atlanta, LLC
9.  Mandelis LLC/ Max Mandelis
10. Morgan Ashley Bryant
11. SRS Real Estate Partners, LLC (Mylinh Cao, Agent)
12. Torrance Smith


Copies of the Subpoenas are enclosed herewith as Exhibit "1."


Respectfully submitted this 29th day of June 2026.

**WEINSTEIN & BLACK, LLC**

/s/Michael B. Weinstein
Michael B. Weinstein, Esq.
Georgia Bar No. 746386
Gladys Reyes-Huesca
Georgia Bar No. 887685
3050 Amwiler Road #200-C
Atlanta, GA 30360
(404) 228-2629 (O)
mike@wblegal.net
gladys@wblegal.net

## <u>LOCAL RULE 5.1C CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared

in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 29th day of June 2026.

**WEINSTEIN & BLACK, LLC**

<u>/s/Michael B. Weinstein</u>
Michael B. Weinstein, Esq.
Georgia Bar No. 746386
Gladys Reyes-Huesca
Georgia Bar No. 887685
3050 Amwiler Road #200-C
Atlanta, GA 30360
(404) 228-2629 (O)
mike@wblegal.net
gladys@wblegal.net

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing **NOTICE**

**OF INTENT TO SERVE SUBPOENA ON NON-PARTIES:**

**1. ALISON CROSS**

**2. CANVA US, INC.**

**3. GOOD PLACES, LLC/ CHERIE ONG**

**4. DAY & DAY COMPANY, LLC/ MS. NICOLE IVES DAY**

**5. PAVAN IYER. EIGHTVILLAGE, LLC**

**6. ETHAN MARTIN**

**7. JAMESTOWN PROPERTIES, LLC**

**8. KING OF POPS ATLANTA, LLC**

**9. MANDELIS LLC/ MAX MANDELIS**

**10. MORGAN ASHLEY BRYANT**

**11. SRS REAL ESTATE PARTNERS, LLC (MYLINH CAO, AGENT)**

**12. TORRANCE SMITH**

upon all parties to this matter using the CM/ECF system, which will automatically

send e-mail notification to all attorneys of record in this case, addressed as follows:

Kenneth Thompson, Jr.
Pierson Ferdinand, LLP
260 Peachtree Street NE
Suite 2200 Atlanta, GA 30304
kenneth.thompson@pierferd.com

Qamra Clarke
E. ps.qclarke@gmail.com
*Pro Se Defendant*

This 29th day of June 2026.

/s/ Michael B. Weinstein
Michael B. Weinstein

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) ) |
| *Defendant* | ) |

Civil Action No.   1:24-cv-03384-ELR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Ms. Alison Cross
253-B Peters Street SW, Atlanta, GA 30313

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A"

| Place: Weinstein & Black, LLC 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time: 07/15/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/29/2026

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Michael B. Weinstein |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SOUK BOHEMIAN,
, who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

8. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books,

pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

    (a) missing or lost;

    (b) destroyed;

    (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

    (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below.  Documents

sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts.  If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you.  If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

Produce all documents that relate to the following:

### 1.

Any and all documents in your and/or your employees' possession, custody, or control concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Pavan Iyer and/or eightvillage, LLC, including documents relating to Fair & Peters Properties, Castleberry Hill projects, the Markham Hotel, tenant recruitment, leasing, hospitality concepts, retail concepts, project development, or Souk Bohemian, for the period from January 1, 2023, through the present.

### 2.

To the extent not covered in No. 1 above, any and all documents received by yourself and/or your employees concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke,

Cultivating Cultures, LLC, Pavan Iyer and/or eightvillage, LLC, including documents relating to Fair & Peters Properties, Castleberry Hill projects, the Markham Hotel, tenant recruitment, leasing, hospitality concepts, retail concepts, project development, or Souk Bohemian, for the period from January 1, 2023, through the present.

3.

Any and all communications between yourself, your employees, and any third parties concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Pavan Iyer and/or eightvillage, LLC, including communications relating to Fair & Peters Properties, Castleberry Hill projects, the Markham Hotel, tenant recruitment, leasing, hospitality concepts, retail concepts, project development, or Souk Bohemian, for the period from January 1, 2023, through the present.

4.

Any and all reports and work papers prepared by you and/or your employees at the request of the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and Pavan Iyer and/or eightvillage, LLC, including all reports and work papers relating to Fair & Peters Properties, Castleberry Hill projects, the Markham Hotel, tenant recruitment, leasing, hospitality concepts, retail concepts, project development, or Souk Bohemian, for the period from January 1, 2023, through the present.

5.

Any and all reports and work papers prepared by you and/or your employees at the request of any third parties not listed in #4, above, concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and Pavan Iyer and/or

eightvillage, LLC, including all reports and work papers relating to Fair & Peters Properties, Castleberry Hill projects, the Markham Hotel, tenant recruitment, leasing, hospitality concepts, retail concepts, project development, or Souk Bohemian, for the period from January 1, 2023, through the present.

6.

Any and all documents or communications in your possession, from yourself or your employees, or from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and Pavan Iyer and/or eightvillage, LLC, and/or any third parties, during the time period of January 1, 2023 through the present, and specifically relating to the January 2024 Fair.

7.

Any and all documents or communications in your possession, from yourself or your employees, or from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and Pavan Iyer and/or eightvillage, LLC, and/or any third parties, regarding the Complaint.

8.

Any and all documents or communications in your possession, from yourself or your employees, or from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and Pavan Iyer and/or eightvillage, LLC, and/or any third parties, regarding Vanessa Mojave.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | |
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Canva US, Inc.
           3212 E. Cesar Chavez St., Building 1, Suite 1300, Austin, TX 78702
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   See Exhibit "A"

| Place: Weinstein & Black, LLC<br>   3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time:<br><br>07/15/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      06/29/2026

|               *CLERK OF COURT*               |               |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Michael B. Weinstein |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SOUK BOHEMIAN,
_____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

8. "Records" means any and all information, data, documents, electronically stored information, communications, or other materials maintained, stored, or preserved in any form for future reference, including, without limitation, all Canva presentations, mood boards, drafts and revisions, designs, decks, projects, templates, associated metadata, account log-in and access records (including the dates, times, IP addresses, devices used, and identities of persons accessing the account), account ownership and administrative information, audit logs, internal communications, contracts, invoices, payment records, project timelines, communications among project collaborators, user activity records, and any other information, data, or materials maintained by Canva relating to the requested Canva accounts.

9. All other terms utilized herein are to be given their customary usage in the English language.

## **INSTRUCTIONS**

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

      (a) missing or lost;

      (b) destroyed;

      (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

      (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

1.

Produce all Canva Records for the Canva accounts owned/ accessed by the following persons or entities, should they exist:

**A. Vanessa Coore Vernon** (Vanessa Mojave):

Phone Number: 562-787-1169; 470-764-7164

Email Address: vanessa@thebohemianbrands.com

**B. Souk Bohemian, LLC** (Vanessa Coore Vernon/ Vanessa Mojave's business)

Phone Number: (404) 990-8341

Website: https://soukbohemian.com/

**C. Qamra Clarke**:

Phone Number: 617-774-9941

Email Address: ps.qclarke@gmail.com;

Qamra@thebohemianbrands.com

**D. Toni Williams**:

Email Address: toni.williams0884@gmail.com;

cultivating.cultures@gmail.com

**E. Cultivating Cultures, LLC:** (Toni Williams' business)

Website: https://www.cultivatingcultures.com/

**F. Morgan Ashley Bryant**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Good Places, LLC, Attn: Ms. Cherie Ong
                       3005 Rivermont Parkway, Alpharetta, GA 30022
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit "A"

| Place: Weinstein & Black, LLC 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time: 07/15/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/29/2026

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Michael B. Weinstein |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SOUK BOHEMIAN, _____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Meeting Documents" means all documents, records, data, and materials relating to, reflecting, referencing, memorializing, scheduling, organizing, attending, participating in, or resulting from any meeting, conference, call, videoconference, webinar, presentation, discussion, or other gathering, whether formal or informal and whether conducted in person, telephonically, electronically, or virtually. The term includes, without limitation, documents sufficient to identify meeting attendees, participants, invitees, organizers, hosts, presenters, and recipients; calendar invitations, calendar entries, scheduling records, availability requests, meeting requests, RSVP responses, agendas, briefing materials, presentation materials, handouts, attendee lists, sign-in sheets, notes, notebooks, transcripts, recordings, summaries, minutes, action items, task lists, follow-up communications, correspondence, emails, text messages, instant messages, chat logs, internal communications, memoranda, reports, annotations, comments, drafts, revisions, approvals, and any attachments or materials distributed before, during, or after the meeting. "Meeting Documents" further includes all metadata, electronic records, audit logs, platform-generated records, participant lists, recordings, screen shares, chat functions, reactions, polls, and any other information sufficient to identify the date, time, duration, location, participants, subjects discussed,

materials reviewed, decisions made, actions taken, or outcomes of any meeting.

8. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

9. "Presentations and Project Materials" means all presentations, pitch decks, proposals, concept packages, creative concepts, strategic plans, design materials, mood boards, branding materials, marketing materials, advertising materials, storyboards, mockups, wireframes, renderings, prototypes, specifications, plans, outlines, drafts, revisions, edits, versions, iterations, and final deliverables, whether in physical, electronic, digital, audiovisual, or any other form. The term further includes all supporting, underlying, or related documents and materials, including notes, research, analyses, reports, studies, communications, correspondence, meeting materials, agendas, minutes, comments, annotations, feedback, approvals, change logs, project schedules, budgets, timelines, source files, working files, metadata, and any attachments, exhibits, appendices, or materials referenced therein. "Presentations and Project Materials" includes all copies, duplicates, extracts, summaries, compilations, and reproductions thereof, whether complete or partial, and regardless of whether such materials were created, received, modified, maintained, stored, transmitted, or shared by any person or entity.

10. "Project Development Documents" means all documents, records, data, materials, and communications relating to, referring to, concerning, evidencing, reflecting, discussing, analyzing, evaluating, planning, proposing, developing, designing, marketing, financing, leasing, constructing, operating, managing, or implementing any aspect of the Project. The term includes, without limitation, documents relating to

project planning; feasibility studies; market analyses; financial analyses; pro formas; business plans; strategic plans; project schedules; budgets; timelines; site selection; due diligence; land use; zoning; permitting; governmental approvals; architectural coordination; engineering coordination; construction planning; design development; concept development; creative development; brand development; branding strategies; naming strategies; marketing strategies; placemaking initiatives; experiential design; tenant recruitment; tenant outreach; tenant negotiations; leasing strategies; hospitality concepts; food and beverage concepts; retail concepts; merchandising strategies; programming concepts; operational concepts; partnership opportunities; sponsorship opportunities; stakeholder engagement; investor relations; and community engagement.

"Project Development Documents" further includes all presentations, pitch decks, proposals, concept packages, plans, drawings, renderings, sketches, models, specifications, mockups, mood boards, branding materials, marketing materials, advertisements, reports, studies, memoranda, notes, meeting materials, correspondence, emails, text messages, instant messages, internal communications, consultant materials, contractor materials, vendor materials, source files, working files, spreadsheets, databases, photographs, videos, recordings, and all supporting documentation. "Project Development Documents" also includes all drafts, revisions, edits, comments, annotations, markups, approvals, change logs, metadata, attachments, exhibits, appendices, and any copies, summaries, extracts, compilations, or reproductions thereof, whether complete or partial and regardless of the format in which such materials are maintained, stored, transmitted, or shared.

11. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents. A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the

possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

(a) missing or lost;

(b) destroyed;

(c) transferred voluntarily or involuntarily to others, and if so, to whom: or

(d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

Produce all documents that relate to the following:

1.

Any and all documents in your possession, in the possession of Good Places, LLC, and/or in your/ its employees' possession, custody, or control concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Pavan Iyer and/or eightvillage, LLC, EJ, representatives of Good Places LLC, and any other individuals involved in ION Arts, MDRM, or related projects, including documents relating to ION Arts, MDRM/ Mod Room Collective, Good Places LLC, 340 Auburn, Cultivating Cultures, LLC, project development, branding, design, hospitality concepts, and presentations and pitch materials, for the period from January 1, 2023, through the present.

2.

To the extent not covered in No. 1 above, any and all documents received by yourself, by Good Places, LLC and/or your/ its employees concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Pavan Iyer and/or eightvillage, LLC, EJ, representatives of Good Places LLC, and any other individuals involved in ION Arts, MDRM, or related projects, including documents relating to ION Arts, MDRM/ Mod Room Collective, Good Places LLC, 340 Auburn, Cultivating Cultures, LLC, project development, branding, design, hospitality concepts, and

presentations and pitch materials, for the period from January 1, 2023, through the present.

3.

Any and all communications between yourself, Good Places, LLC, your/ its employees, and any third parties concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Pavan Iyer and/or eightvillage, LLC, EJ, representatives of Good Places LLC, and any other individuals involved in ION Arts, MDRM, or related projects, including communications relating to ION Arts, MDRM/ Mod Room Collective, Good Places LLC, 340 Auburn, Cultivating Cultures, LLC, project development, branding, design, hospitality concepts, and presentations and pitch materials, for the period from January 1, 2023, through the present.

4.

Any and all reports and work papers prepared by you, by Good Places, LLC, and/or your/ its employees at the request of the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Pavan Iyer and/or eightvillage, LLC, EJ, representatives of Good Places LLC, and any other individuals involved in ION Arts, MDRM, or related projects, including any and all reports and work papers relating to ION Arts, MDRM/ Mod Room Collective, Good Places LLC, 340 Auburn, Cultivating Cultures, LLC, project development, branding, design, hospitality concepts, and presentations and pitch materials, for the period from January 1, 2023, through the present.

5.

Any and all reports and work papers prepared by you, by Good Places, LLC, and/or your/ its employees at the request of any third parties not listed in #4, above, concerning or relating to the following individuals and entities: Souk Bohemian,

Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Pavan Iyer and/or eightvillage, LLC, EJ, representatives of Good Places LLC, and any other individuals involved in ION Arts, MDRM, or related projects, including any and all reports and work papers relating to ION Arts, MDRM/ Mod Room Collective, Good Places LLC, 340 Auburn, Cultivating Cultures, LLC, project development, branding, design, hospitality concepts, and presentations and pitch materials, for the period from January 1, 2023, through the present.

6.

Any and all presentations and project materials concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Pavan Iyer and/or eightvillage, LLC, EJ, representatives of Good Places LLC, and any other individuals involved in ION Arts, MDRM, or related projects, including any and all presentations and project materials relating to ION Arts projects, MDRM/ Mod Room Collective projects, Good Places LLC projects, 340 Auburn projects, Cultivating Cultures LLC projects, including any larger presentation packages or proposals of which the MDRM deck may have been a component, for the period from January 1, 2023, through the present.

7.

Any and all meeting documents relating to, referencing, reflecting, discussing, evidencing, or memorializing any meeting, conference, call, videoconference, presentation, discussion, negotiation, or other communication involving, attended by, organized by, scheduled by, hosted by, or including Cherie Ong, Toni Williams, Qamra Clarke, Pavan Iyer and/or Eightvillage, LLC, EJ, Cultivating Cultures LLC, and Good Places LLC, whether acting individually, jointly, or in any combination, and including any meeting in which any of the foregoing persons or entities were

discussed, considered, or referenced in any manner, for the period from January 1, 2023, through the present.

8.

Any and all project development documents concerning or relating in any way to the ION Arts projects, MDRM projects, 340 Auburn projects, and any related, affiliated, associated, connected, contemplated, proposed, predecessor, successor, companion, or derivative projects, developments, ventures, initiatives, properties, concepts, transactions, or business opportunities, including but not limited to any project that shares common ownership, management, investors, consultants, contractors, partners, tenants, branding, design elements, business plans, or development objectives, for the period from January 1, 2023, through the present.

9.

For all projects identified in Request No. 8, produce all documents sufficient to identify every individual, entity, organization, firm, consultant, contractor, subcontractor, designer, architect, engineer, developer, project manager, broker, leasing representative, marketing professional, branding consultant, creative contributor, investor, advisor, vendor, service provider, stakeholder, partner, employee, agent, representative, or other person who participated in, contributed to, advised on, managed, supervised, reviewed, approved, funded, marketed, designed, planned, developed, or was otherwise involved in any aspect of the conception, planning, development, branding, design, financing, leasing, construction, marketing, operation, or management of such projects, from January 1, 2023, through the present. Such documents shall include, without limitation, organizational charts, team lists, consultant lists, contracts, engagement agreements, invoices, correspondence, meeting records, attendee lists, contact lists, and any other documents sufficient to identify each person's or entity's role, responsibilities, affiliation, and period of involvement.

10.

Any and all documents or communications in your possession, from yourself, from Good Places, LLC, from your/ its employees, or from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Pavan Iyer and/or eightvillage, LLC, EJ, representatives of Good Places LLC, and any other individuals involved in ION Arts, MDRM, or related projects, and/or any third parties, regarding the Complaint.

11.

Any and all documents or communications in your possession, from yourself, from Good Places, LLC, from your/ its employees, or from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Pavan Iyer and/or eightvillage, LLC, EJ, representatives of Good Places LLC, and any other individuals involved in ION Arts, MDRM, or related projects, and/or any third parties, regarding Vanessa Mojave.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) |
| *Defendant* | ) |

Civil Action No.   1:24-cv-03384-ELR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Day & Day Company, LLC, Attn: Ms. Nicole Ives Day
1839 Greystone Road NW, Atlanta, GA, 30318

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
    See Exhibit "A"

| Place: Weinstein & Black, LLC | Date and Time: |
|---|---|
| 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | 07/15/2026 5:00 pm |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/29/2026

CLERK OF COURT
                                                          OR

_____               /s/ Michael B. Weinstein
*Signature of Clerk or Deputy Clerk*        _____
                                                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    SOUK BOHEMIAN,
_____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Meeting Documents" means all documents, records, data, and materials relating to, reflecting, referencing, memorializing, scheduling, organizing, attending, participating in, or resulting from any meeting, conference, call, videoconference, webinar, presentation, discussion, or other gathering, whether formal or informal and whether conducted in person, telephonically, electronically, or virtually. The term includes, without limitation, documents sufficient to identify meeting attendees, participants, invitees, organizers, hosts, presenters, and recipients; calendar invitations, calendar entries, scheduling records, availability requests, meeting requests, RSVP responses, agendas, briefing materials, presentation materials, handouts, attendee lists, sign-in sheets, notes, notebooks, transcripts, recordings, summaries, minutes, action items, task lists, follow-up communications, correspondence, emails, text messages, instant messages, chat logs, internal communications, memoranda, reports, annotations, comments, drafts, revisions, approvals, and any attachments or materials distributed before, during, or after the meeting. "Meeting Documents" further includes all metadata, electronic records, audit logs, platform-generated records, participant lists, recordings, screen shares, chat functions, reactions, polls, and any other information sufficient to identify the date, time, duration, location, participants, subjects discussed,

materials reviewed, decisions made, actions taken, or outcomes of any meeting.

8. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

9. "Presentations and Project Materials" means all presentations, pitch decks, proposals, concept packages, creative concepts, strategic plans, design materials, mood boards, branding materials, marketing materials, advertising materials, storyboards, mockups, wireframes, renderings, prototypes, specifications, plans, outlines, drafts, revisions, edits, versions, iterations, and final deliverables, whether in physical, electronic, digital, audiovisual, or any other form. The term further includes all supporting, underlying, or related documents and materials, including notes, research, analyses, reports, studies, communications, correspondence, meeting materials, agendas, minutes, comments, annotations, feedback, approvals, change logs, project schedules, budgets, timelines, source files, working files, metadata, and any attachments, exhibits, appendices, or materials referenced therein. "Presentations and Project Materials" includes all copies, duplicates, extracts, summaries, compilations, and reproductions thereof, whether complete or partial, and regardless of whether such materials were created, received, modified, maintained, stored, transmitted, or shared by any person or entity.

10. "Project Development Documents" means all documents, records, data, materials, and communications relating to, referring to, concerning, evidencing, reflecting, discussing, analyzing, evaluating, planning, proposing, developing, designing, marketing, financing, leasing, constructing, operating, managing, or implementing any aspect of the Project. The term includes, without limitation, documents relating to

project planning; feasibility studies; market analyses; financial analyses; pro formas; business plans; strategic plans; project schedules; budgets; timelines; site selection; due diligence; land use; zoning; permitting; governmental approvals; architectural coordination; engineering coordination; construction planning; design development; concept development; creative development; brand development; branding strategies; naming strategies; marketing strategies; placemaking initiatives; experiential design; tenant recruitment; tenant outreach; tenant negotiations; leasing strategies; hospitality concepts; food and beverage concepts; retail concepts; merchandising strategies; programming concepts; operational concepts; partnership opportunities; sponsorship opportunities; stakeholder engagement; investor relations; and community engagement.

"Project Development Documents" further includes all presentations, pitch decks, proposals, concept packages, plans, drawings, renderings, sketches, models, specifications, mockups, mood boards, branding materials, marketing materials, advertisements, reports, studies, memoranda, notes, meeting materials, correspondence, emails, text messages, instant messages, internal communications, consultant materials, contractor materials, vendor materials, source files, working files, spreadsheets, databases, photographs, videos, recordings, and all supporting documentation. "Project Development Documents" also includes all drafts, revisions, edits, comments, annotations, markups, approvals, change logs, metadata, attachments, exhibits, appendices, and any copies, summaries, extracts, compilations, or reproductions thereof, whether complete or partial and regardless of the format in which such materials are maintained, stored, transmitted, or shared.

11. "Contract and Scope of Work Documents" mean all contracts, agreements, engagement letters, letters of intent, memoranda of understanding, term sheets, purchase orders, work orders, statements of work, scopes of work, service agreements, consulting agreements, professional services agreements, subcontractor agreements, vendor agreements, contractor agreements, amendments, modifications, addenda, change orders, renewals, extensions, assignments, exhibits, attachments, schedules, and appendices, whether executed, unexecuted, proposed, draft, superseded, or final.

The term further includes all documents relating to the negotiation, preparation, review, approval, interpretation, performance, administration, modification, extension, renewal, termination, or enforcement of any such contract, agreement, or scope of work, including proposals, bids, estimates, pricing documents, budgets, invoices, payment records, deliverable schedules, project plans, performance metrics, milestone reports, correspondence, emails, text messages, meeting materials, notes, comments, revisions, redlines, markups, approvals, and any other documents reflecting the rights, obligations, responsibilities, deliverables, compensation, timelines, expectations, or scope of services of any party.

"Contract and Scope of Work Documents" also include all drafts, revisions, versions, supporting documentation, source files, metadata, attachments, exhibits, and any copies, summaries, extracts, compilations, or reproductions thereof, whether complete or partial and regardless of the format in which such materials are maintained, stored, transmitted, or shared.

12. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents. A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the

possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d)  If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

> (a) missing or lost;
>
> (b) destroyed;
>
> (c) transferred voluntarily or involuntarily to others, and if so, to whom: or
>
> (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e)  All documents produced in response to this Request should be marked according to the number of each specific request below.  Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f)  In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts.  If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

Produce all documents that relate to the following:

1.

Any and all documents in either Day & Day or its employees' possession, custody, or control concerning or relating to the following individuals and entities: Pavan Iyer and/or eightvillage, LLC and Qamra Clarke, including documents relating to the Markham Hotel project, the Bottleworks Project, and the Super Club project, for the period from January 1, 2023, through the present.

2.

To the extent not covered in No. 1 above, any and all documents received by either Day & Day or its employees concerning or relating to the following individuals and entities: Pavan Iyer and/or eightvillage, LLC and Qamra Clarke, including documents relating to the Markham Hotel project, the Bottleworks Project, and the Super Club project, for the period from January 1, 2023, through the present.

3.

Any and all communications between either Day & Day, its employees, and/or any third parties concerning or relating to the following individuals and entities: Pavan Iyer and/or eightvillage, LLC and Qamra Clarke, including communications relating to the Markham Hotel project, the Bottleworks Project, and the Super Club project, for the period from January 1, 2023, through the present.

4.

Any and all communications between Day & Day, its employees, any third parties, and/or any collaborating parties, concerning or relating to the following individuals and entities: Pavan Iyer and/or eightvillage, LLC and Qamra Clarke, including communications relating to the Markham Hotel project, the Bottleworks Project, and the Super Club project, for the period from January 1, 2023, through the present.

5.

Any and all reports and work papers prepared by Day & Day or its employees at the request of the following individuals and entities: Pavan Iyer and/or eightvillage, LLC and Qamra Clarke, including Any and all reports and work papers relating to the Markham Hotel project, the Bottleworks Project, and the Super Club project, for the period from January 1, 2023, through the present.

6.

Any and all reports and work papers prepared by Day & Day or its employees at the request of any third parties not listed in Request No. 5 and concerning or relating to the following individuals and entities: Pavan Iyer and/or eightvillage, LLC and Qamra Clarke, including any and all reports and work papers relating to the Markham Hotel project, the Bottleworks Project, and the Super Club project, for the period from January 1, 2023, through the present.

7.

Any and all presentations and project materials concerning or relating to the following individuals and entities: Pavan Iyer and/or eightvillage, LLC and Qamra Clarke, including any and all presentations and project materials relating to the Markham Hotel project, the Bottleworks Project, and the Super Club project, for the period from January 1, 2023, through the present.

8.

Any and all meeting documents relating to, referencing, reflecting, discussing, or memorializing any meeting, conference, call, videoconference, presentation, discussion, or other communication involving, attended by, organized by, or including Pavan Iyer, Eightvillage, LLC, and/or Qamra Clarke. This request includes, without limitation, any and all meeting documents relating to the Markham Hotel Project, the Bottleworks Project, the Super Club Project, and any related, affiliated, associated, predecessor, successor, companion, or derivative projects, developments, initiatives, or business opportunities, for the period from January 1, 2023, through the present.

9.

Any and all project development documents concerning or relating in any way to Pavan Iyer and/or eightvillage, LLC and Qamra Clarke, including any and all project development documents relating to the Markham Hotel project, the Bottleworks Project, and the Super Club project and any related, affiliated, associated, connected, contemplated, proposed, predecessor, successor, companion, or derivative projects, developments, ventures, initiatives, properties, concepts, transactions, or business opportunities, including but not limited to any project that shares common ownership, management, investors, consultants, contractors, partners, tenants, branding, design elements, business plans, or development objectives, for the period from January 1, 2023, through the present.

10.

For all projects identified in Request No. 9, produce all documents sufficient to identify every individual, entity, organization, firm, consultant, contractor, subcontractor, designer, architect, engineer, developer, project manager, broker, leasing representative, marketing professional, branding consultant, creative contributor, investor, advisor, vendor, service provider, stakeholder, partner,

employee, agent, representative, or other person who participated in, contributed to, advised on, managed, supervised, reviewed, approved, funded, marketed, designed, planned, developed, or was otherwise involved in any aspect of the conception, planning, development, branding, design, financing, leasing, construction, marketing, operation, or management of such projects, from January 1, 2023, through the present. Such documents shall include, without limitation, organizational charts, team lists, consultant lists, contracts, engagement agreements, invoices, correspondence, meeting records, attendee lists, contact lists, and any other documents sufficient to identify each person's or entity's role, responsibilities, affiliation, and period of involvement.

11.

Any and all contract and scope of work documents concerning, relating to, referencing, reflecting, discussing, evidencing, negotiating, proposing, preparing, reviewing, approving, executing, modifying, administering, performing, extending, renewing, terminating, or enforcing any contract, agreement, engagement, statement of work, scope of work, service arrangement, consulting arrangement, professional services engagement, subcontract, vendor relationship, contractor relationship, or other business arrangement involving, entered into by, proposed to, or otherwise including Pavan Iyer, Eightvillage, LLC, and/or Qamra Clarke.

12.

This request includes, without limitation, all contracts, agreements, statements of work, scopes of work, engagement letters, proposals, bids, estimates, pricing documents, budgets, invoices, payment records, deliverable schedules, project plans, amendments, modifications, addenda, change orders, renewals, extensions, correspondence, communications, drafts, revisions, redlines, comments, approvals, and supporting documentation relating to the Markham Hotel Project, the Bottleworks Project, the Super Club Project, and any related, affiliated, associated,

predecessor, successor, companion, derivative, contemplated, proposed, or connected projects, developments, initiatives, ventures, properties, transactions, or business opportunities, for the period from January 1, 2023, through the present.

13.

Any and all documents or communications in your possession, from Day & Day or its employees, or from Pavan Iyer and/or eightvillage, LLC and Qamra Clarke, including any and all documents or communications relating to the Markham Hotel project, the Bottleworks Project, and the Super Club project, and/or any third parties, regarding the Complaint.

14.

Any and all documents or communications in your possession, from Day & Day or its employees, or from Pavan Iyer and/or eightvillage, LLC and Qamra Clarke, including any and all documents or communications relating to the Markham Hotel project, the Bottleworks Project, and the Super Club project, and/or any third parties, regarding Vanessa Mojave.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Mr. Pavan Iyer, Eightvillage, LLC
135 Auburn Ave, Mailbox 211, Atlanta, GA 30303
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit "A"

| Place: Weinstein & Black, LLC<br>3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time:<br><br>07/15/2026 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/29/2026

_CLERK OF COURT_

OR

_____          /s/ Michael B. Weinstein
_Signature of Clerk or Deputy Clerk_          _____
                                              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   SOUK BOHEMIAN,
_____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Meeting Documents" means all documents, records, data, and materials relating to, reflecting, referencing, memorializing, scheduling, organizing, attending, participating in, or resulting from any meeting, conference, call, videoconference, webinar, presentation, discussion, or other gathering, whether formal or informal and whether conducted in person, telephonically, electronically, or virtually. The term includes, without limitation, documents sufficient to identify meeting attendees, participants, invitees, organizers, hosts, presenters, and recipients; calendar invitations, calendar entries, scheduling records, availability requests, meeting requests, RSVP responses, agendas, briefing materials, presentation materials, handouts, attendee lists, sign-in sheets, notes, notebooks, transcripts, recordings, summaries, minutes, action items, task lists, follow-up communications, correspondence, emails, text messages, instant messages, chat logs, internal communications, memoranda, reports, annotations, comments, drafts, revisions, approvals, and any attachments or materials distributed before, during, or after the meeting. "Meeting Documents" further includes all metadata, electronic records, audit logs, platform-generated records, participant lists, recordings, screen shares, chat functions, reactions, polls, and any other information sufficient to identify the date, time, duration, location, participants, subjects discussed,

materials reviewed, decisions made, actions taken, or outcomes of any meeting.

8. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

9. "Presentations and Project Materials" means all presentations, pitch decks, proposals, concept packages, creative concepts, strategic plans, design materials, mood boards, branding materials, marketing materials, advertising materials, storyboards, mockups, wireframes, renderings, prototypes, specifications, plans, outlines, drafts, revisions, edits, versions, iterations, and final deliverables, whether in physical, electronic, digital, audiovisual, or any other form. The term further includes all supporting, underlying, or related documents and materials, including notes, research, analyses, reports, studies, communications, correspondence, meeting materials, agendas, minutes, comments, annotations, feedback, approvals, change logs, project schedules, budgets, timelines, source files, working files, metadata, and any attachments, exhibits, appendices, or materials referenced therein. "Presentations and Project Materials" includes all copies, duplicates, extracts, summaries, compilations, and reproductions thereof, whether complete or partial, and regardless of whether such materials were created, received, modified, maintained, stored, transmitted, or shared by any person or entity.

10. "Project Development Documents" means all documents, records, data, materials, and communications relating to, referring to, concerning, evidencing, reflecting, discussing, analyzing, evaluating, planning, proposing, developing, designing, marketing, financing, leasing, constructing, operating, managing, or implementing any aspect of the Project. The term includes, without limitation, documents relating to

project planning; feasibility studies; market analyses; financial analyses; pro formas; business plans; strategic plans; project schedules; budgets; timelines; site selection; due diligence; land use; zoning; permitting; governmental approvals; architectural coordination; engineering coordination; construction planning; design development; concept development; creative development; brand development; branding strategies; naming strategies; marketing strategies; placemaking initiatives; experiential design; tenant recruitment; tenant outreach; tenant negotiations; leasing strategies; hospitality concepts; food and beverage concepts; retail concepts; merchandising strategies; programming concepts; operational concepts; partnership opportunities; sponsorship opportunities; stakeholder engagement; investor relations; and community engagement.

"Project Development Documents" further includes all presentations, pitch decks, proposals, concept packages, plans, drawings, renderings, sketches, models, specifications, mockups, mood boards, branding materials, marketing materials, advertisements, reports, studies, memoranda, notes, meeting materials, correspondence, emails, text messages, instant messages, internal communications, consultant materials, contractor materials, vendor materials, source files, working files, spreadsheets, databases, photographs, videos, recordings, and all supporting documentation. "Project Development Documents" also includes all drafts, revisions, edits, comments, annotations, markups, approvals, change logs, metadata, attachments, exhibits, appendices, and any copies, summaries, extracts, compilations, or reproductions thereof, whether complete or partial and regardless of the format in which such materials are maintained, stored, transmitted, or shared.

11. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the

possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

      (a) missing or lost;

      (b) destroyed;

      (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

      (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

Produce all documents that relate to the following:

1.

Any and all documents, communications, correspondence, records, electronically stored information, and other materials within your possession, custody, or control, or the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or other persons acting on your behalf or on behalf of eightvillage LLC, concerning, relating to, referencing, reflecting, discussing, involving, or mentioning Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

2.

To the extent not covered in No. 1 above, any and all documents received by yourself, eightvillage LLC and/or your/its employees concerning, relating to, referencing, reflecting, discussing, involving, or mentioning Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and

any other individual or entity associated with, involved in, or connected to the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

3.

Any and all communications between yourself, eightvillage LLC and/or your/its employees, and any third parties concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

4.

Any and all reports and work papers prepared by yourself, eightvillage LLC and/or your/its employees at the request of the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

5.

Any and all reports and work papers prepared by yourself, eightvillage LLC and/or your/its employees at the request of any third parties not listed in #4, above, concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

6.

Any and all presentations and project materials prepared by yourself, eightvillage LLC and/or your/its employees concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

7.

Any and all meeting documents organized by yourself, eightvillage LLC and/or your/its employees relating to, referencing, reflecting, discussing, evidencing, or memorializing any meeting, conference, call, videoconference, presentation, discussion, negotiation, or other communication involving, attended by, organized

by, scheduled by, hosted by, or including Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

8.

Any and all project development documents prepared by yourself, eightvillage LLC and/or your/its employees concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or relating in any way to the Markham Hotel Project, the Bottleworks Project, the Super Club Project, and any related, affiliated, associated, connected, contemplated, proposed, predecessor, successor, companion, or derivative projects, developments, ventures, initiatives, properties, concepts, transactions, or business opportunities, including but not limited to any project that shares common ownership, management, investors, consultants, contractors, partners, tenants, branding, design elements, business plans, or development objectives, for the period from January 1, 2023, through the present.

9.

For all projects identified in Request No. 8, produce all documents sufficient to identify every individual, entity, organization, firm, consultant, contractor, subcontractor, designer, architect, engineer, developer, project manager, broker, leasing representative, marketing professional, branding consultant, creative

contributor, investor, advisor, vendor, service provider, stakeholder, partner, employee, agent, representative, or other person who participated in, contributed to, advised on, managed, supervised, reviewed, approved, funded, marketed, designed, planned, developed, or was otherwise involved in any aspect of the conception, planning, development, branding, design, financing, leasing, construction, marketing, operation, or management of such projects, from January 1, 2023, through the present. Such documents shall include, without limitation, organizational charts, team lists, consultant lists, contracts, engagement agreements, invoices, correspondence, meeting records, attendee lists, contact lists, and any other documents sufficient to identify each person's or entity's role, responsibilities, affiliation, and period of involvement.

10.

Any and all documents or communications in your possession, or in the possession of eightvillage LLC and/or your/its employees, from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, regarding the Complaint.

11.

Any and all documents or communications in your possession, or in the possession of eightvillage LLC and/or your/its employees, from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the

Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, regarding Vanessa Mojave.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Georgia

| | | |
|---|---|---|
| SOUK BOHEMIAN, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Ethan Martin
1661 La France St, Unit 407, Atlanta, GA 30307

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
  See Exhibit "A"

| Place: Weinstein & Black, LLC 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time: 07/15/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/29/2026

<table>
<tr><td><i>CLERK OF COURT</i></td><td></td></tr>
<tr><td align="center">_____<br><i>Signature of Clerk or Deputy Clerk</i></td><td align="center">OR<br>/s/ Michael B. Weinstein<br>_____<br><i>Attorney's signature</i></td></tr>
</table>

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    SOUK BOHEMIAN, , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____            _____

                                            *Server's signature*

                                   _____

                                            *Printed name and title*

                                   _____

                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Meeting Documents" means all documents, records, data, and materials relating to, reflecting, referencing, memorializing, scheduling, organizing, attending, participating in, or resulting from any meeting, conference, call, videoconference, webinar, presentation, discussion, or other gathering, whether formal or informal and whether conducted in person, telephonically, electronically, or virtually. The term includes, without limitation, documents sufficient to identify meeting attendees, participants, invitees, organizers, hosts, presenters, and recipients; calendar invitations, calendar entries, scheduling records, availability requests, meeting requests, RSVP responses, agendas, briefing materials, presentation materials, handouts, attendee lists, sign-in sheets, notes, notebooks, transcripts, recordings, summaries, minutes, action items, task lists, follow-up communications, correspondence, emails, text messages, instant messages, chat logs, internal communications, memoranda, reports, annotations, comments, drafts, revisions, approvals, and any attachments or materials distributed before, during, or after the meeting. "Meeting Documents" further includes all metadata, electronic records, audit logs, platform-generated records, participant lists, recordings, screen shares, chat functions, reactions, polls, and any other information sufficient to identify the date, time, duration, location, participants, subjects discussed,

materials reviewed, decisions made, actions taken, or outcomes of any meeting.

8. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

9. "Presentations and Project Materials" means all presentations, pitch decks, proposals, concept packages, creative concepts, strategic plans, design materials, mood boards, branding materials, marketing materials, advertising materials, storyboards, mockups, wireframes, renderings, prototypes, specifications, plans, outlines, drafts, revisions, edits, versions, iterations, and final deliverables, whether in physical, electronic, digital, audiovisual, or any other form. The term further includes all supporting, underlying, or related documents and materials, including notes, research, analyses, reports, studies, communications, correspondence, meeting materials, agendas, minutes, comments, annotations, feedback, approvals, change logs, project schedules, budgets, timelines, source files, working files, metadata, and any attachments, exhibits, appendices, or materials referenced therein. "Presentations and Project Materials" includes all copies, duplicates, extracts, summaries, compilations, and reproductions thereof, whether complete or partial, and regardless of whether such materials were created, received, modified, maintained, stored, transmitted, or shared by any person or entity.

10. "Project Development Documents" means all documents, records, data, materials, and communications relating to, referring to, concerning, evidencing, reflecting, discussing, analyzing, evaluating, planning, proposing, developing, designing, marketing, financing, leasing, constructing, operating, managing, or implementing any aspect of the Project. The term includes, without limitation, documents relating to

project planning; feasibility studies; market analyses; financial analyses; pro formas; business plans; strategic plans; project schedules; budgets; timelines; site selection; due diligence; land use; zoning; permitting; governmental approvals; architectural coordination; engineering coordination; construction planning; design development; concept development; creative development; brand development; branding strategies; naming strategies; marketing strategies; placemaking initiatives; experiential design; tenant recruitment; tenant outreach; tenant negotiations; leasing strategies; hospitality concepts; food and beverage concepts; retail concepts; merchandising strategies; programming concepts; operational concepts; partnership opportunities; sponsorship opportunities; stakeholder engagement; investor relations; and community engagement.

"Project Development Documents" further includes all presentations, pitch decks, proposals, concept packages, plans, drawings, renderings, sketches, models, specifications, mockups, mood boards, branding materials, marketing materials, advertisements, reports, studies, memoranda, notes, meeting materials, correspondence, emails, text messages, instant messages, internal communications, consultant materials, contractor materials, vendor materials, source files, working files, spreadsheets, databases, photographs, videos, recordings, and all supporting documentation. "Project Development Documents" also includes all drafts, revisions, edits, comments, annotations, markups, approvals, change logs, metadata, attachments, exhibits, appendices, and any copies, summaries, extracts, compilations, or reproductions thereof, whether complete or partial and regardless of the format in which such materials are maintained, stored, transmitted, or shared.

11. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the

possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

        (a) missing or lost;

        (b) destroyed;

        (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

        (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you.  If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

Produce all documents that relate to the following:

1.

Any and all documents, communications, correspondence, records, electronically stored information, and other materials within your possession, custody, or control, or the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or other persons acting on your behalf concerning, relating to, referencing, reflecting, discussing, involving, or mentioning Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

2.

To the extent not covered in No. 1 above, any and all documents received by yourself, and/or your employees concerning, relating to, referencing, reflecting, discussing, involving, or mentioning Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any

related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

3.

Any and all communications between yourself and/or your employees, and any third parties concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

4.

Any and all reports and work papers prepared by yourself, and/or your employees at the request of the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

5.

Any and all reports and work papers prepared by yourself, and/or your employees at the request of any third parties not listed in #4, above, concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore

Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

6.

Any and all presentations and project materials prepared by yourself, and/or your employees concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

7.

Any and all meeting documents organized by yourself, and/or your employees relating to, referencing, reflecting, discussing, evidencing, or memorializing any meeting, conference, call, videoconference, presentation, discussion, negotiation, or other communication involving, attended by, organized by, scheduled by, hosted by, or including Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project,

development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

8.

Any and all project development documents prepared by yourself, and/or your employees concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or relating in any way to the Ritual Project, the Native Haus Project, and any related, affiliated, associated, connected, contemplated, proposed, predecessor, successor, companion, or derivative projects, developments, ventures, initiatives, properties, concepts, transactions, or business opportunities, including but not limited to any project that shares common ownership, management, investors, consultants, contractors, partners, tenants, branding, design elements, business plans, or development objectives, for the period from January 1, 2023, through the present.

9.

For all projects identified in Request No. 8, produce all documents sufficient to identify every individual, entity, organization, firm, consultant, contractor, subcontractor, designer, architect, engineer, developer, project manager, broker, leasing representative, marketing professional, branding consultant, creative contributor, investor, advisor, vendor, service provider, stakeholder, partner, employee, agent, representative, or other person who participated in, contributed to, advised on, managed, supervised, reviewed, approved, funded, marketed, designed, planned, developed, or was otherwise involved in any aspect of the conception, planning, development, branding, design, financing, leasing, construction, marketing, operation, or management of such projects, from January 1, 2023, through the present. Such documents shall include, without limitation,

organizational charts, team lists, consultant lists, contracts, engagement agreements, invoices, correspondence, meeting records, attendee lists, contact lists, and any other documents sufficient to identify each person's or entity's role, responsibilities, affiliation, and period of involvement.

10.

Any and all documents or communications in your possession, or in the possession of your employees, from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, regarding the Complaint.

11.

Any and all documents or communications in your possession, or in the possession of and/or your employees, from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, regarding Vanessa Mojave.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | | |
|---|---|---|
| SOUK BOHEMIAN, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Jamestown Properties, LLC, Attn: Records Custodian
675 Ponce de Leon Ave., N.E., 7th Floor, Atlanta, GA 30308

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A"

| Place: Weinstein & Black, LLC | Date and Time: |
|---|---|
| 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | 07/15/2026 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/29/2026

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | /s/ Michael B. Weinstein<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    SOUK BOHEMIAN,
_____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                     *Server's signature*

                                     _____
                                     *Printed name and title*


                                     _____
                                     *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Meeting Documents" means all documents, records, data, and materials relating to, reflecting, referencing, memorializing, scheduling, organizing, attending, participating in, or resulting from any meeting, conference, call, videoconference, webinar, presentation, discussion, or other gathering, whether formal or informal and whether conducted in person, telephonically, electronically, or virtually. The term includes, without limitation, documents sufficient to identify meeting attendees, participants, invitees, organizers, hosts, presenters, and recipients; calendar invitations, calendar entries, scheduling records, availability requests, meeting requests, RSVP responses, agendas, briefing materials, presentation materials, handouts, attendee lists, sign-in sheets, notes, notebooks, transcripts, recordings, summaries, minutes, action items, task lists, follow-up communications, correspondence, emails, text messages, instant messages, chat logs, internal communications, memoranda, reports, annotations, comments, drafts, revisions, approvals, and any attachments or materials distributed before, during, or after the meeting. "Meeting Documents" further includes all metadata, electronic records, audit logs, platform-generated records, participant lists, recordings, screen shares, chat functions, reactions, polls, and any other information sufficient to identify the date, time, duration, location, participants, subjects discussed,

materials reviewed, decisions made, actions taken, or outcomes of any meeting.

8. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

9. "Presentations and Project Materials" means all presentations, pitch decks, proposals, concept packages, creative concepts, strategic plans, design materials, mood boards, branding materials, marketing materials, advertising materials, storyboards, mockups, wireframes, renderings, prototypes, specifications, plans, outlines, drafts, revisions, edits, versions, iterations, and final deliverables, whether in physical, electronic, digital, audiovisual, or any other form. The term further includes all supporting, underlying, or related documents and materials, including notes, research, analyses, reports, studies, communications, correspondence, meeting materials, agendas, minutes, comments, annotations, feedback, approvals, change logs, project schedules, budgets, timelines, source files, working files, metadata, and any attachments, exhibits, appendices, or materials referenced therein. "Presentations and Project Materials" includes all copies, duplicates, extracts, summaries, compilations, and reproductions thereof, whether complete or partial, and regardless of whether such materials were created, received, modified, maintained, stored, transmitted, or shared by any person or entity.

10. "Project Development Documents" means all documents, records, data, materials, and communications relating to, referring to, concerning, evidencing, reflecting, discussing, analyzing, evaluating, planning, proposing, developing, designing, marketing, financing, leasing, constructing, operating, managing, or implementing any aspect of the Project. The term includes, without limitation, documents relating to

project planning; feasibility studies; market analyses; financial analyses; pro formas; business plans; strategic plans; project schedules; budgets; timelines; site selection; due diligence; land use; zoning; permitting; governmental approvals; architectural coordination; engineering coordination; construction planning; design development; concept development; creative development; brand development; branding strategies; naming strategies; marketing strategies; placemaking initiatives; experiential design; tenant recruitment; tenant outreach; tenant negotiations; leasing strategies; hospitality concepts; food and beverage concepts; retail concepts; merchandising strategies; programming concepts; operational concepts; partnership opportunities; sponsorship opportunities; stakeholder engagement; investor relations; and community engagement.

"Project Development Documents" further includes all presentations, pitch decks, proposals, concept packages, plans, drawings, renderings, sketches, models, specifications, mockups, mood boards, branding materials, marketing materials, advertisements, reports, studies, memoranda, notes, meeting materials, correspondence, emails, text messages, instant messages, internal communications, consultant materials, contractor materials, vendor materials, source files, working files, spreadsheets, databases, photographs, videos, recordings, and all supporting documentation. "Project Development Documents" also includes all drafts, revisions, edits, comments, annotations, markups, approvals, change logs, metadata, attachments, exhibits, appendices, and any copies, summaries, extracts, compilations, or reproductions thereof, whether complete or partial and regardless of the format in which such materials are maintained, stored, transmitted, or shared.

11. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents. A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the

possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

(a) missing or lost;

(b) destroyed;

(c) transferred voluntarily or involuntarily to others, and if so, to whom: or

(d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

Produce all documents that relate to the following:

1.

Any and all documents, communications, correspondence, records, electronically stored information, and other materials in your possession, custody, or control, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the circumstances surrounding the departure of Toni Williams from her employment with and/or engagement as an independent contractor for Jamestown Properties, including any of its representatives, employees, agents, affiliates, or any other individual or entity associated therewith, for the period January 1, 2023, through the present.

2.

This request in No. 1 includes, without limitation, all documents and communications reflecting, evidencing, discussing, or relating to any concerns, allegations, complaints, investigations, findings, evaluations, or discussions regarding Ms. Williams's professional conduct, conflicts of interest, use or alleged misuse of confidential or proprietary information, client or customer relationships, compliance with company policies, ethical obligations, or any other performance- or conduct-related matters that were raised, reviewed, investigated, documented, or discussed during her employment or contractual engagement with your company.

3.

To the extent not covered in No. 1 and No. 2 above, any and all documents received by yourself, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the circumstances surrounding the departure of Toni Williams from her employment with and/or engagement as an independent contractor for Jamestown Properties, including any of its representatives, employees, agents, affiliates, or any other individual or entity associated therewith, for the period January 1, 2023, through the present.

4.

Any and all communications between yourself or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the circumstances surrounding the departure of Toni Williams from her employment with and/or engagement as an independent contractor for Jamestown Properties, including any of its representatives, employees, agents, affiliates, or any other individual or entity associated therewith, for the period January 1, 2023, through the present.

5.

This request in No. 4 includes, without limitation, all communications reflecting, evidencing, discussing, or relating to any concerns, allegations, complaints, investigations, findings, evaluations, or discussions regarding Ms. Williams's professional conduct, conflicts of interest, use or alleged misuse of confidential or proprietary information, client or customer relationships, compliance with company policies, ethical obligations, or any other performance- or conduct-

related matters that were raised, reviewed, investigated, documented, or discussed during her employment or contractual engagement with your company.

6.

Any and all reports and work papers prepared by yourself, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the circumstances surrounding the departure of Toni Williams from her employment with and/or engagement as an independent contractor for Jamestown Properties, including any of its representatives, employees, agents, affiliates, or any other individual or entity associated therewith, for the period January 1, 2023, through the present.

7.

This request in No. 6 includes, without limitation, all reports and work papers reflecting, evidencing, discussing, or relating to any concerns, allegations, complaints, investigations, findings, evaluations, or discussions regarding Ms. Williams's professional conduct, conflicts of interest, use or alleged misuse of confidential or proprietary information, client or customer relationships, compliance with company policies, ethical obligations, or any other performance- or conduct-related matters that were raised, reviewed, investigated, documented, or discussed during her employment or contractual engagement with your company.

8.

Any and all reports and work papers prepared at the request of any third parties not listed in No. 6 by yourself, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the circumstances surrounding the departure of Toni

Williams from her employment with and/or engagement as an independent contractor for Jamestown Properties, including any of its representatives, employees, agents, affiliates, or any other individual or entity associated therewith, for the period January 1, 2023, through the present.

9.

Any and all meeting documents organized by yourself, and/or your employees relating to, referencing, reflecting, discussing, evidencing, or memorializing any meeting, conference, call, videoconference, presentation, discussion, negotiation, or other communication involving, attended by, organized by, scheduled by, hosted by, or including Toni Williams involved in, or concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the circumstances surrounding the departure of Toni Williams from her employment with and/or engagement as an independent contractor for Jamestown Properties, including any of its representatives, employees, agents, affiliates, or any other individual or entity associated therewith, for the period January 1, 2023, through the present.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

| | | |
|---|---|---|
| SOUK BOHEMIAN, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            King of Pops Atlanta, LLC, Attn: Nicholas Carse
552 Decatur St., S.E., Atlanta, GA 30312

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A"

| Place: Weinstein & Black, LLC 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time: 07/15/2026 5:00 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/29/2026

*CLERK OF COURT*

OR

_____          /s/ Michael B. Weinstein
*Signature of Clerk or Deputy Clerk*              _____
                                                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SOUK BOHEMIAN,
_____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Meeting Documents" means all documents, records, data, and materials relating to, reflecting, referencing, memorializing, scheduling, organizing, attending, participating in, or resulting from any meeting, conference, call, videoconference, webinar, presentation, discussion, or other gathering, whether formal or informal and whether conducted in person, telephonically, electronically, or virtually. The term includes, without limitation, documents sufficient to identify meeting attendees, participants, invitees, organizers, hosts, presenters, and recipients; calendar invitations, calendar entries, scheduling records, availability requests, meeting requests, RSVP responses, agendas, briefing materials, presentation materials, handouts, attendee lists, sign-in sheets, notes, notebooks, transcripts, recordings, summaries, minutes, action items, task lists, follow-up communications, correspondence, emails, text messages, instant messages, chat logs, internal communications, memoranda, reports, annotations, comments, drafts, revisions, approvals, and any attachments or materials distributed before, during, or after the meeting. "Meeting Documents" further includes all metadata, electronic records, audit logs, platform-generated records, participant lists, recordings, screen shares, chat functions, reactions, polls, and any other information sufficient to identify the date, time, duration, location, participants, subjects discussed,

materials reviewed, decisions made, actions taken, or outcomes of any meeting.

8. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

9. "Presentations and Project Materials" means all presentations, pitch decks, proposals, concept packages, creative concepts, strategic plans, design materials, mood boards, branding materials, marketing materials, advertising materials, storyboards, mockups, wireframes, renderings, prototypes, specifications, plans, outlines, drafts, revisions, edits, versions, iterations, and final deliverables, whether in physical, electronic, digital, audiovisual, or any other form. The term further includes all supporting, underlying, or related documents and materials, including notes, research, analyses, reports, studies, communications, correspondence, meeting materials, agendas, minutes, comments, annotations, feedback, approvals, change logs, project schedules, budgets, timelines, source files, working files, metadata, and any attachments, exhibits, appendices, or materials referenced therein. "Presentations and Project Materials" includes all copies, duplicates, extracts, summaries, compilations, and reproductions thereof, whether complete or partial, and regardless of whether such materials were created, received, modified, maintained, stored, transmitted, or shared by any person or entity.

10. "Project Development Documents" means all documents, records, data, materials, and communications relating to, referring to, concerning, evidencing, reflecting, discussing, analyzing, evaluating, planning, proposing, developing, designing, marketing, financing, leasing, constructing, operating, managing, or implementing any aspect of the Project. The term includes, without limitation, documents relating to

project planning; feasibility studies; market analyses; financial analyses; pro formas; business plans; strategic plans; project schedules; budgets; timelines; site selection; due diligence; land use; zoning; permitting; governmental approvals; architectural coordination; engineering coordination; construction planning; design development; concept development; creative development; brand development; branding strategies; naming strategies; marketing strategies; placemaking initiatives; experiential design; tenant recruitment; tenant outreach; tenant negotiations; leasing strategies; hospitality concepts; food and beverage concepts; retail concepts; merchandising strategies; programming concepts; operational concepts; partnership opportunities; sponsorship opportunities; stakeholder engagement; investor relations; and community engagement.

"Project Development Documents" further includes all presentations, pitch decks, proposals, concept packages, plans, drawings, renderings, sketches, models, specifications, mockups, mood boards, branding materials, marketing materials, advertisements, reports, studies, memoranda, notes, meeting materials, correspondence, emails, text messages, instant messages, internal communications, consultant materials, contractor materials, vendor materials, source files, working files, spreadsheets, databases, photographs, videos, recordings, and all supporting documentation. "Project Development Documents" also includes all drafts, revisions, edits, comments, annotations, markups, approvals, change logs, metadata, attachments, exhibits, appendices, and any copies, summaries, extracts, compilations, or reproductions thereof, whether complete or partial and regardless of the format in which such materials are maintained, stored, transmitted, or shared.

11. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the

possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

    (a) missing or lost;

    (b) destroyed;

    (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

    (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you.  If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

Produce all documents that relate to the following:

1.

Any and all documents, communications, correspondence, records, electronically stored information, and other materials in your possession, custody, or control, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the following persons and entities: Toni Williams, and/ or Qamra Clarke, and/ or Trade & Tempo, LLC ("Trade & Tempo"), including any of its representatives, employees, agents, affiliates, or any other individual or entity associated therewith. Please include documents, etc. addressing:

a) Ms. Williams' and/or Ms. Clarke's and/ or Trade & Tempo's prior relationship with your business, or with any employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, resulting from Ms. Williams' prior role as a Real Estate Broker for Jamestown Properties/ Ponce City Market.

b) The formation of the Trade & Tempo venture.

c) The lease application process with Ms. Williams and/or Ms. Clarke and/ or Trade & Tempo.

d) The lease agreement with Ms. Williams and/or Ms. Clarke and/ or Trade & Tempo.

e) Any representations made by Ms. Williams and/or Ms. Clarke on behalf of Trade & Tempo, or any other individual or entity associated therewith, in support of obtaining the space leased from your company.

f) Any materials, business plans, financial information, documents regarding proofs of concept, assets, or prior project experience presented in connection with Ms. Williams and/or Ms. Clarke and/ or Trade & Tempo.

g) The ownership structure of Trade & Tempo.

h) Any documents showing the financial backing used to obtain the lease with your company by Ms. Williams and/or Ms. Clarke and/ or Trade & Tempo.

i) Any documents showing capital contributions from Ms. Williams and/or Ms. Clarke and/ or Trade & Tempo in relation to the lease agreement.

j) Any other documents not specifically requested above which evidence the prior relationship between your company and Ms. Williams and/or Ms. Clarke and/ or Trade & Tempo.

The above documents, etc. are to be provided for the period of January 1, 2023, through the present.

2.

To the extent not covered in No. 1 above, any and all documents received by yourself, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the issues noted in No 1., a) through j) for the period January 1, 2023, through the present.

3.

Any and all communications between yourself or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the issues noted in No 1., a) through j) for the period January 1, 2023, through the present.

4.

Any and all reports and work papers prepared by yourself, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the issues noted in No 1., a) through j) for the period January 1, 2023, through the present.

5.

Any and all reports and work papers prepared at the request of any third parties not listed in No. 4 by yourself, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the issues noted in No 1., a) through j) for the period January 1, 2023, through the present.

6.

Any and all meeting documents organized by yourself, and/or your employees relating to, referencing, reflecting, discussing, evidencing, or memorializing any meeting, conference, call, videoconference, presentation, discussion, negotiation, or other communication involving, attended by, organized by, scheduled by, hosted by, or including Toni Williams involved in, or concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the issues noted in No 1., a) through j) for the period January 1, 2023, through the present.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | | |
|---|---|---|
| SOUK BOHEMIAN, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                            Mandelis LLC, Attn: Ms. Max Mandelis
153 17th St., N.E., Atlanta, GA 30309
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
    See Exhibit "A"

| Place: Weinstein & Black, LLC 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time: 07/15/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/29/2026

                    *CLERK OF COURT*
                                                    OR
_____          /s/ Michael B. Weinstein
    *Signature of Clerk or Deputy Clerk*          _____
                                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SOUK BOHEMIAN, _____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Meeting Documents" means all documents, records, data, and materials relating to, reflecting, referencing, memorializing, scheduling, organizing, attending, participating in, or resulting from any meeting, conference, call, videoconference, webinar, presentation, discussion, or other gathering, whether formal or informal and whether conducted in person, telephonically, electronically, or virtually. The term includes, without limitation, documents sufficient to identify meeting attendees, participants, invitees, organizers, hosts, presenters, and recipients; calendar invitations, calendar entries, scheduling records, availability requests, meeting requests, RSVP responses, agendas, briefing materials, presentation materials, handouts, attendee lists, sign-in sheets, notes, notebooks, transcripts, recordings, summaries, minutes, action items, task lists, follow-up communications, correspondence, emails, text messages, instant messages, chat logs, internal communications, memoranda, reports, annotations, comments, drafts, revisions, approvals, and any attachments or materials distributed before, during, or after the meeting. "Meeting Documents" further includes all metadata, electronic records, audit logs, platform-generated records, participant lists, recordings, screen shares, chat functions, reactions, polls, and any other information sufficient to identify the date, time, duration, location, participants, subjects discussed,

materials reviewed, decisions made, actions taken, or outcomes of any meeting.

8. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

9. "Presentations and Project Materials" means all presentations, pitch decks, proposals, concept packages, creative concepts, strategic plans, design materials, mood boards, branding materials, marketing materials, advertising materials, storyboards, mockups, wireframes, renderings, prototypes, specifications, plans, outlines, drafts, revisions, edits, versions, iterations, and final deliverables, whether in physical, electronic, digital, audiovisual, or any other form. The term further includes all supporting, underlying, or related documents and materials, including notes, research, analyses, reports, studies, communications, correspondence, meeting materials, agendas, minutes, comments, annotations, feedback, approvals, change logs, project schedules, budgets, timelines, source files, working files, metadata, and any attachments, exhibits, appendices, or materials referenced therein. "Presentations and Project Materials" includes all copies, duplicates, extracts, summaries, compilations, and reproductions thereof, whether complete or partial, and regardless of whether such materials were created, received, modified, maintained, stored, transmitted, or shared by any person or entity.

10. "Project Development Documents" means all documents, records, data, materials, and communications relating to, referring to, concerning, evidencing, reflecting, discussing, analyzing, evaluating, planning, proposing, developing, designing, marketing, financing, leasing, constructing, operating, managing, or implementing any aspect of the Project. The term includes, without limitation, documents relating to

project planning; feasibility studies; market analyses; financial analyses; pro formas; business plans; strategic plans; project schedules; budgets; timelines; site selection; due diligence; land use; zoning; permitting; governmental approvals; architectural coordination; engineering coordination; construction planning; design development; concept development; creative development; brand development; branding strategies; naming strategies; marketing strategies; placemaking initiatives; experiential design; tenant recruitment; tenant outreach; tenant negotiations; leasing strategies; hospitality concepts; food and beverage concepts; retail concepts; merchandising strategies; programming concepts; operational concepts; partnership opportunities; sponsorship opportunities; stakeholder engagement; investor relations; and community engagement.

"Project Development Documents" further includes all presentations, pitch decks, proposals, concept packages, plans, drawings, renderings, sketches, models, specifications, mockups, mood boards, branding materials, marketing materials, advertisements, reports, studies, memoranda, notes, meeting materials, correspondence, emails, text messages, instant messages, internal communications, consultant materials, contractor materials, vendor materials, source files, working files, spreadsheets, databases, photographs, videos, recordings, and all supporting documentation. "Project Development Documents" also includes all drafts, revisions, edits, comments, annotations, markups, approvals, change logs, metadata, attachments, exhibits, appendices, and any copies, summaries, extracts, compilations, or reproductions thereof, whether complete or partial and regardless of the format in which such materials are maintained, stored, transmitted, or shared.

11. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a)  As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b)  The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c)  The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the

possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

    (a) missing or lost;

    (b) destroyed;

    (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

    (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you.  If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

Produce all documents that relate to the following:

1.

Any and all documents, communications, correspondence, records, electronically stored information, and other materials within your possession, custody, or control, or the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or other persons acting on your behalf or on behalf of Mandelis LLC, concerning, relating to, referencing, reflecting, discussing, involving, or mentioning Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

2.

To the extent not covered in No. 1 above, any and all documents received by yourself, Mandelis LLC and/or your/its employees concerning, relating to, referencing, reflecting, discussing, involving, or mentioning Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and

any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

3.

Any and all communications between yourself, Mandelis LLC and/or your/its employees, and any third parties concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

4.

Any and all reports and work papers prepared by yourself, Mandelis LLC and/or your/its employees at the request of the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

5.

Any and all reports and work papers prepared by yourself, Mandelis LLC and/or your/its employees at the request of any third parties not listed in #4, above, concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

6.

Any and all presentations and project materials prepared by yourself, Mandelis LLC and/or your/its employees concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

7.

Any and all meeting documents organized by yourself, Mandelis LLC and/or your/its employees relating to, referencing, reflecting, discussing, evidencing, or memorializing any meeting, conference, call, videoconference, presentation, discussion, negotiation, or other communication involving, attended by, organized

by, scheduled by, hosted by, or including Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

8.

Any and all project development documents prepared by yourself, Mandelis LLC and/or your/its employees concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or relating in any way to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, and any related, affiliated, associated, connected, contemplated, proposed, predecessor, successor, companion, or derivative projects, developments, ventures, initiatives, properties, concepts, transactions, or business opportunities, including but not limited to any project that shares common ownership, management, investors, consultants, contractors, partners, tenants, branding, design elements, business plans, or development objectives, for the period from January 1, 2023, through the present.

9.

For all projects identified in Request No. 8, produce all documents sufficient to identify every individual, entity, organization, firm, consultant, contractor, subcontractor, designer, architect, engineer, developer, project manager, broker, leasing representative, marketing professional, branding consultant, creative

contributor, investor, advisor, vendor, service provider, stakeholder, partner, employee, agent, representative, or other person who participated in, contributed to, advised on, managed, supervised, reviewed, approved, funded, marketed, designed, planned, developed, or was otherwise involved in any aspect of the conception, planning, development, branding, design, financing, leasing, construction, marketing, operation, or management of such projects, from January 1, 2023, through the present. Such documents shall include, without limitation, organizational charts, team lists, consultant lists, contracts, engagement agreements, invoices, correspondence, meeting records, attendee lists, contact lists, and any other documents sufficient to identify each person's or entity's role, responsibilities, affiliation, and period of involvement.

10.

Any and all documents or communications in your possession, or in the possession of Mandelis LLC and/or your/its employees, from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, regarding the Complaint.

11.

Any and all documents or communications in your possession, or in the possession of Mandelis LLC and/or your/its employees, from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, Good Places LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the

Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, regarding Vanessa Mojave.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Ms. Morgan Ashley Bryant
                      1375 Belmont Ave SW, Atlanta, GA 30310
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
　　　See Exhibit "A"

| Place: Weinstein & Black, LLC 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time: 07/15/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　　06/29/2026

　　　　　　　　　　*CLERK OF COURT*
　　　　　　　　　　　　　　　　　　　　　　　　OR

_____　　　　_____
　　*Signature of Clerk or Deputy Clerk*　　　　　　　/s/ Michael B. Weinstein
　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  SOUK BOHEMIAN,
_____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Meeting Documents" means all documents, records, data, and materials relating to, reflecting, referencing, memorializing, scheduling, organizing, attending, participating in, or resulting from any meeting, conference, call, videoconference, webinar, presentation, discussion, or other gathering, whether formal or informal and whether conducted in person, telephonically, electronically, or virtually. The term includes, without limitation, documents sufficient to identify meeting attendees, participants, invitees, organizers, hosts, presenters, and recipients; calendar invitations, calendar entries, scheduling records, availability requests, meeting requests, RSVP responses, agendas, briefing materials, presentation materials, handouts, attendee lists, sign-in sheets, notes, notebooks, transcripts, recordings, summaries, minutes, action items, task lists, follow-up communications, correspondence, emails, text messages, instant messages, chat logs, internal communications, memoranda, reports, annotations, comments, drafts, revisions, approvals, and any attachments or materials distributed before, during, or after the meeting. "Meeting Documents" further includes all metadata, electronic records, audit logs, platform-generated records, participant lists, recordings, screen shares, chat functions, reactions, polls, and any other information sufficient to identify the date, time, duration, location, participants, subjects discussed,

materials reviewed, decisions made, actions taken, or outcomes of any meeting.

8. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

9. "Presentations and Project Materials" means all presentations, pitch decks, proposals, concept packages, creative concepts, strategic plans, design materials, mood boards, branding materials, marketing materials, advertising materials, storyboards, mockups, wireframes, renderings, prototypes, specifications, plans, outlines, drafts, revisions, edits, versions, iterations, and final deliverables, whether in physical, electronic, digital, audiovisual, or any other form. The term further includes all supporting, underlying, or related documents and materials, including notes, research, analyses, reports, studies, communications, correspondence, meeting materials, agendas, minutes, comments, annotations, feedback, approvals, change logs, project schedules, budgets, timelines, source files, working files, metadata, and any attachments, exhibits, appendices, or materials referenced therein. "Presentations and Project Materials" includes all copies, duplicates, extracts, summaries, compilations, and reproductions thereof, whether complete or partial, and regardless of whether such materials were created, received, modified, maintained, stored, transmitted, or shared by any person or entity.

10. "Project Development Documents" means all documents, records, data, materials, and communications relating to, referring to, concerning, evidencing, reflecting, discussing, analyzing, evaluating, planning, proposing, developing, designing, marketing, financing, leasing, constructing, operating, managing, or implementing any aspect of the Project. The term includes, without limitation, documents relating to

project planning; feasibility studies; market analyses; financial analyses; pro formas; business plans; strategic plans; project schedules; budgets; timelines; site selection; due diligence; land use; zoning; permitting; governmental approvals; architectural coordination; engineering coordination; construction planning; design development; concept development; creative development; brand development; branding strategies; naming strategies; marketing strategies; placemaking initiatives; experiential design; tenant recruitment; tenant outreach; tenant negotiations; leasing strategies; hospitality concepts; food and beverage concepts; retail concepts; merchandising strategies; programming concepts; operational concepts; partnership opportunities; sponsorship opportunities; stakeholder engagement; investor relations; and community engagement.

"Project Development Documents" further includes all presentations, pitch decks, proposals, concept packages, plans, drawings, renderings, sketches, models, specifications, mockups, mood boards, branding materials, marketing materials, advertisements, reports, studies, memoranda, notes, meeting materials, correspondence, emails, text messages, instant messages, internal communications, consultant materials, contractor materials, vendor materials, source files, working files, spreadsheets, databases, photographs, videos, recordings, and all supporting documentation. "Project Development Documents" also includes all drafts, revisions, edits, comments, annotations, markups, approvals, change logs, metadata, attachments, exhibits, appendices, and any copies, summaries, extracts, compilations, or reproductions thereof, whether complete or partial and regardless of the format in which such materials are maintained, stored, transmitted, or shared.

11. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents. A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the

possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

(a) missing or lost;

(b) destroyed;

(c) transferred voluntarily or involuntarily to others, and if so, to whom: or

(d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

Produce all documents that relate to the following:

1.

Any and all documents, communications, correspondence, records, electronically stored information, and other materials within your possession, custody, or control, or the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or other persons acting on your behalf concerning, relating to, referencing, reflecting, discussing, involving, or mentioning Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, the ION Arts Project, the MDRM/ Mod Room Collective Project, Good Places LLC, 340 Auburn, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, and relating to the development, initiative, venture, business opportunity, project development, branding, design, hospitality concepts, and presentations and pitch materials of the stated projects, for the period from January 1, 2023, through the present.

2.

To the extent not covered in No. 1 above, any and all documents you have received concerning, relating to, referencing, reflecting, discussing, involving, or mentioning Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke,

Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, the ION Arts Project, the MDRM/ Mod Room Collective Project, Good Places LLC, 340 Auburn, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, and relating to the development, initiative, venture, business opportunity, project development, branding, design, hospitality concepts, and presentations and pitch materials of the stated projects, for the period from January 1, 2023, through the present.

3.

Any and all communications between yourself and any third parties concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, the ION Arts Project, the MDRM/ Mod Room Collective Project, Good Places LLC, 340 Auburn, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, and relating to the development, initiative, venture, business opportunity, project development, branding, design, hospitality concepts, and presentations and pitch materials of the stated projects, for the period from January 1, 2023, through the present.

4.

Any and all reports and work papers you have prepared by yourself at the request of the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or

entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, the ION Arts Project, the MDRM/ Mod Room Collective Project, Good Places LLC, 340 Auburn, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, and relating to the development, initiative, venture, business opportunity, project development, branding, design, hospitality concepts, and presentations and pitch materials of the stated projects, for the period from January 1, 2023, through the present.

5.

Any and all reports and work papers you have prepared at the request of any third parties not listed in #4, above, concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, the ION Arts Project, the MDRM/ Mod Room Collective Project, Good Places LLC, 340 Auburn, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, and relating to the development, initiative, venture, business opportunity, project development, branding, design, hospitality concepts, and presentations and pitch materials of the stated projects, for the period from January 1, 2023, through the present.

6.

Any and all presentations and project materials you have prepared concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or

entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, the ION Arts Project, the MDRM/ Mod Room Collective Project, Good Places LLC, 340 Auburn, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, and relating to the development, initiative, venture, business opportunity, project development, branding, design, hospitality concepts, and presentations and pitch materials of the stated projects, for the period from January 1, 2023, through the present.

7.

Any and all meeting documents organized by yourself relating to, referencing, reflecting, discussing, evidencing, or memorializing any meeting, conference, call, videoconference, presentation, discussion, negotiation, or other communication involving, attended by, organized by, scheduled by, hosted by, or including Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, the ION Arts Project, the MDRM/ Mod Room Collective Project, Good Places LLC, 340 Auburn, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, and relating to the development, initiative, venture, business opportunity, project development, branding, design, hospitality concepts, and presentations and pitch materials of the stated projects, for the period from January 1, 2023, through the present.

8.

Any and all project development documents prepared by yourself concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any

representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, the ION Arts Project, the MDRM/ Mod Room Collective Project, Good Places LLC, 340 Auburn, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, and relating to the development, initiative, venture, business opportunity, project development, branding, design, hospitality concepts, and presentations and pitch materials of the stated projects, for the period from January 1, 2023, through the present.

9.

For all projects identified in Request No. 8, produce all documents sufficient to identify every individual, entity, organization, firm, consultant, contractor, subcontractor, designer, architect, engineer, developer, project manager, broker, leasing representative, marketing professional, branding consultant, creative contributor, investor, advisor, vendor, service provider, stakeholder, partner, employee, agent, representative, or other person who participated in, contributed to, advised on, managed, supervised, reviewed, approved, funded, marketed, designed, planned, developed, or was otherwise involved in any aspect of the conception, planning, development, branding, design, financing, leasing, construction, marketing, operation, or management of such projects, from January 1, 2023, through the present. Such documents shall include, without limitation, organizational charts, team lists, consultant lists, contracts, engagement agreements, invoices, correspondence, meeting records, attendee lists, contact lists, and any other documents sufficient to identify each person's or entity's role, responsibilities, affiliation, and period of involvement.

10.

Any and all documents or communications in your possession from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, the ION Arts Project, the MDRM/ Mod Room Collective Project, Good Places LLC, 340 Auburn, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, regarding the Complaint.

11.

Any and all documents or communications in your possession from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, the ION Arts Project, the MDRM/ Mod Room Collective Project, Good Places LLC, 340 Auburn, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, regarding Vanessa Mojave.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Northern District of Georgia

| | |
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) |
| *Defendant* | ) |

Civil Action No.  1:24-cv-03384-ELR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  SRS Real Estate Partners, LLC, Attn: Mylinh Cao
3445 Peachtree Rd NE, Ste 950, Atlanta, GA 30326

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit "A"

| Place: Weinstein & Black, LLC<br>3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time:<br><br>07/15/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/29/2026

CLERK OF COURT

OR

_____          /s/ Michael B. Weinstein
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  SOUK BOHEMIAN, _____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Meeting Documents" means all documents, records, data, and materials relating to, reflecting, referencing, memorializing, scheduling, organizing, attending, participating in, or resulting from any meeting, conference, call, videoconference, webinar, presentation, discussion, or other gathering, whether formal or informal and whether conducted in person, telephonically, electronically, or virtually. The term includes, without limitation, documents sufficient to identify meeting attendees, participants, invitees, organizers, hosts, presenters, and recipients; calendar invitations, calendar entries, scheduling records, availability requests, meeting requests, RSVP responses, agendas, briefing materials, presentation materials, handouts, attendee lists, sign-in sheets, notes, notebooks, transcripts, recordings, summaries, minutes, action items, task lists, follow-up communications, correspondence, emails, text messages, instant messages, chat logs, internal communications, memoranda, reports, annotations, comments, drafts, revisions, approvals, and any attachments or materials distributed before, during, or after the meeting. "Meeting Documents" further includes all metadata, electronic records, audit logs, platform-generated records, participant lists, recordings, screen shares, chat functions, reactions, polls, and any other information sufficient to identify the date, time, duration, location, participants, subjects discussed,

materials reviewed, decisions made, actions taken, or outcomes of any meeting.

8. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

9. "Presentations and Project Materials" means all presentations, pitch decks, proposals, concept packages, creative concepts, strategic plans, design materials, mood boards, branding materials, marketing materials, advertising materials, storyboards, mockups, wireframes, renderings, prototypes, specifications, plans, outlines, drafts, revisions, edits, versions, iterations, and final deliverables, whether in physical, electronic, digital, audiovisual, or any other form. The term further includes all supporting, underlying, or related documents and materials, including notes, research, analyses, reports, studies, communications, correspondence, meeting materials, agendas, minutes, comments, annotations, feedback, approvals, change logs, project schedules, budgets, timelines, source files, working files, metadata, and any attachments, exhibits, appendices, or materials referenced therein. "Presentations and Project Materials" includes all copies, duplicates, extracts, summaries, compilations, and reproductions thereof, whether complete or partial, and regardless of whether such materials were created, received, modified, maintained, stored, transmitted, or shared by any person or entity.

10. "Project Development Documents" means all documents, records, data, materials, and communications relating to, referring to, concerning, evidencing, reflecting, discussing, analyzing, evaluating, planning, proposing, developing, designing, marketing, financing, leasing, constructing, operating, managing, or implementing any aspect of the Project. The term includes, without limitation, documents relating to

project planning; feasibility studies; market analyses; financial analyses; pro formas; business plans; strategic plans; project schedules; budgets; timelines; site selection; due diligence; land use; zoning; permitting; governmental approvals; architectural coordination; engineering coordination; construction planning; design development; concept development; creative development; brand development; branding strategies; naming strategies; marketing strategies; placemaking initiatives; experiential design; tenant recruitment; tenant outreach; tenant negotiations; leasing strategies; hospitality concepts; food and beverage concepts; retail concepts; merchandising strategies; programming concepts; operational concepts; partnership opportunities; sponsorship opportunities; stakeholder engagement; investor relations; and community engagement.

"Project Development Documents" further includes all presentations, pitch decks, proposals, concept packages, plans, drawings, renderings, sketches, models, specifications, mockups, mood boards, branding materials, marketing materials, advertisements, reports, studies, memoranda, notes, meeting materials, correspondence, emails, text messages, instant messages, internal communications, consultant materials, contractor materials, vendor materials, source files, working files, spreadsheets, databases, photographs, videos, recordings, and all supporting documentation. "Project Development Documents" also includes all drafts, revisions, edits, comments, annotations, markups, approvals, change logs, metadata, attachments, exhibits, appendices, and any copies, summaries, extracts, compilations, or reproductions thereof, whether complete or partial and regardless of the format in which such materials are maintained, stored, transmitted, or shared.

11. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the

possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

  (a) missing or lost;

  (b) destroyed;

  (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

  (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you.  If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

Produce all documents that relate to the following:

1.

Any and all documents, communications, correspondence, records, electronically stored information, and other materials within the possession of custody, or control, or the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or other persons acting on behalf of SRS Real Estate Partners, LLC or Mylinh Cao concerning, relating to, referencing, reflecting, discussing, involving, or mentioning Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

2.

To the extent not covered in No. 1 above, any and all documents received by SRS Real Estate Partners, LLC, Mylinh Cao and/or your other employees or independent contractors concerning, relating to, referencing, reflecting, discussing, involving, or mentioning Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in,

or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

3.

Any and all communications between SRS Real Estate Partners, LLC, Mylinh Cao and/or your other employees or independent contractors, and any third parties concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

4.

Any and all reports and work papers prepared by SRS Real Estate Partners, LLC, Mylinh Cao, and/or your other employees or independent contractors at the request of the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

5.

Any and all reports and work papers prepared by SRS Real Estate Partners, LLC, Mylinh Cao, and/or your other employees or independent contractors at the request of any third parties not listed in #4, above, concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

6.

Any and all presentations and project materials prepared by SRS Real Estate Partners, LLC, Mylinh Cao, and/or your other employees or independent contractors concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

7.

Any and all meeting documents organized by SRS Real Estate Partners, LLC, Mylinh Cao, and/or your other employees or independent contractors relating to, referencing, reflecting, discussing, evidencing, or memorializing any meeting, conference, call, videoconference, presentation, discussion, negotiation, or other communication involving, attended by, organized by, scheduled by, hosted by, or

including Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, for the period from January 1, 2023, through the present.

8.

Any and all project development documents prepared by SRS Real Estate Partners, LLC, Mylinh Cao, and/or your other employees or independent contractors concerning or relating to the following individuals and entities: Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or relating in any way to the Ritual Project, the Native Haus Project, and any related, affiliated, associated, connected, contemplated, proposed, predecessor, successor, companion, or derivative projects, developments, ventures, initiatives, properties, concepts, transactions, or business opportunities, including but not limited to any project that shares common ownership, management, investors, consultants, contractors, partners, tenants, branding, design elements, business plans, or development objectives, for the period from January 1, 2023, through the present.

9.

For all projects identified in Request No. 8, produce all documents sufficient to identify every individual, entity, organization, firm, consultant, contractor, subcontractor, designer, architect, engineer, developer, project manager, broker, leasing representative, marketing professional, branding consultant, creative contributor, investor, advisor, vendor, service provider, stakeholder, partner,

employee, agent, representative, or other person who participated in, contributed to, advised on, managed, supervised, reviewed, approved, funded, marketed, designed, planned, developed, or was otherwise involved in any aspect of the conception, planning, development, branding, design, financing, leasing, construction, marketing, operation, or management of such projects, from January 1, 2023, through the present. Such documents shall include, without limitation, organizational charts, team lists, consultant lists, contracts, engagement agreements, invoices, correspondence, meeting records, attendee lists, contact lists, and any other documents sufficient to identify each person's or entity's role, responsibilities, affiliation, and period of involvement.

10.

Any and all documents or communications in the possession of SRS Real Estate Partners, LLC, Mylinh Cao, or in the possession of your other employees or independent contractors, from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, regarding the Complaint.

11.

Any and all documents or communications in your possession, or in the possession of SRS Real Estate Partners, LLC, Mylinh Cao and/or your other employees or independent contractors, from Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, any representatives, employees, agents, or affiliates thereof, and any other individual or entity associated with, involved in, or connected to the Ritual Project, the Native

Haus Project, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, development, initiative, venture, or business opportunity, regarding Vanessa Mojave.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Georgia

| | |
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Mr. Torrance Smith
788 W. Marietta St. NW, Unit 709, Atlanta, GA 30318

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

      See Exhibit "A"

| Place: Weinstein & Black, LLC<br>3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time:<br><br>07/15/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/29/2026

                *CLERK OF COURT*

                               OR

| | |
|---|---|
| _____ | /s/ Michael B. Weinstein |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SOUK BOHEMIAN, , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Meeting Documents" means all documents, records, data, and materials relating to, reflecting, referencing, memorializing, scheduling, organizing, attending, participating in, or resulting from any meeting, conference, call, videoconference, webinar, presentation, discussion, or other gathering, whether formal or informal and whether conducted in person, telephonically, electronically, or virtually. The term includes, without limitation, documents sufficient to identify meeting attendees, participants, invitees, organizers, hosts, presenters, and recipients; calendar invitations, calendar entries, scheduling records, availability requests, meeting requests, RSVP responses, agendas, briefing materials, presentation materials, handouts, attendee lists, sign-in sheets, notes, notebooks, transcripts, recordings, summaries, minutes, action items, task lists, follow-up communications, correspondence, emails, text messages, instant messages, chat logs, internal communications, memoranda, reports, annotations, comments, drafts, revisions, approvals, and any attachments or materials distributed before, during, or after the meeting. "Meeting Documents" further includes all metadata, electronic records, audit logs, platform-generated records, participant lists, recordings, screen shares, chat functions, reactions, polls, and any other information sufficient to identify the date, time, duration, location, participants, subjects discussed,

materials reviewed, decisions made, actions taken, or outcomes of any meeting.

8. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

9. "Presentations and Project Materials" means all presentations, pitch decks, proposals, concept packages, creative concepts, strategic plans, design materials, mood boards, branding materials, marketing materials, advertising materials, storyboards, mockups, wireframes, renderings, prototypes, specifications, plans, outlines, drafts, revisions, edits, versions, iterations, and final deliverables, whether in physical, electronic, digital, audiovisual, or any other form. The term further includes all supporting, underlying, or related documents and materials, including notes, research, analyses, reports, studies, communications, correspondence, meeting materials, agendas, minutes, comments, annotations, feedback, approvals, change logs, project schedules, budgets, timelines, source files, working files, metadata, and any attachments, exhibits, appendices, or materials referenced therein. "Presentations and Project Materials" includes all copies, duplicates, extracts, summaries, compilations, and reproductions thereof, whether complete or partial, and regardless of whether such materials were created, received, modified, maintained, stored, transmitted, or shared by any person or entity.

10. "Project Development Documents" means all documents, records, data, materials, and communications relating to, referring to, concerning, evidencing, reflecting, discussing, analyzing, evaluating, planning, proposing, developing, designing, marketing, financing, leasing, constructing, operating, managing, or implementing any aspect of the Project. The term includes, without limitation, documents relating to

project planning; feasibility studies; market analyses; financial analyses; pro formas; business plans; strategic plans; project schedules; budgets; timelines; site selection; due diligence; land use; zoning; permitting; governmental approvals; architectural coordination; engineering coordination; construction planning; design development; concept development; creative development; brand development; branding strategies; naming strategies; marketing strategies; placemaking initiatives; experiential design; tenant recruitment; tenant outreach; tenant negotiations; leasing strategies; hospitality concepts; food and beverage concepts; retail concepts; merchandising strategies; programming concepts; operational concepts; partnership opportunities; sponsorship opportunities; stakeholder engagement; investor relations; and community engagement.

"Project Development Documents" further includes all presentations, pitch decks, proposals, concept packages, plans, drawings, renderings, sketches, models, specifications, mockups, mood boards, branding materials, marketing materials, advertisements, reports, studies, memoranda, notes, meeting materials, correspondence, emails, text messages, instant messages, internal communications, consultant materials, contractor materials, vendor materials, source files, working files, spreadsheets, databases, photographs, videos, recordings, and all supporting documentation. "Project Development Documents" also includes all drafts, revisions, edits, comments, annotations, markups, approvals, change logs, metadata, attachments, exhibits, appendices, and any copies, summaries, extracts, compilations, or reproductions thereof, whether complete or partial and regardless of the format in which such materials are maintained, stored, transmitted, or shared.

11. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents. A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the

possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

    (a) missing or lost;

    (b) destroyed;

    (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

    (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below.  Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts.  If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

Produce all documents that relate to the following:

1.

Any and all documents, communications, correspondence, records, electronically stored information, and other materials in your possession, custody, or control, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning Souk Bohemian, Vanessa Coore Vernon, Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, or any of their representatives, employees, agents, affiliates, or other associated persons or entities, as well as any individual or entity associated with, involved in, or connected to the Castleberry Hill Project, the Markham Hotel Project, the Bottleworks Project, the Super Club Project, the ION Arts Project, the MDRM/Mod Room Collective Project, Good Places LLC, 340 Auburn, or any related, affiliated, associated, predecessor, successor, companion, contemplated, or derivative project, for the period from January 1, 2023, through the present, including, without limitation, documents and communications concerning the following:

a) All policies, procedures, protocols, practices, and safeguards implemented or maintained to protect Souk Bohemian's confidential, proprietary, and trade secret information, intellectual property, business assets, client relationships, and business operations.

b) All documents relating to company policies concerning confidentiality, non-disclosure obligations, non-disclosure agreements, ownership and return of company property, employee and contractor access to confidential information, data security, intellectual property, and any other measures implemented to protect Souk Bohemian's business, operations, and proprietary information.

c) All documents and communications concerning efforts by Souk Bohemian's owners, officers, managers, or leadership to establish, communicate, implement, reinforce, monitor, or enforce the policies, procedures, safeguards, and obligations identified in Paragraphs (a) and (b) with employees, contractors, consultants, or other representatives.

d) All documents and communications concerning the circumstances surrounding the resignation, separation, termination, or other departure of Morgan Ashley Bryant from Souk Bohemian, including the reasons for her departure, transition of duties, exit communications, and any discussions regarding confidential information, company property, restrictive obligations, or continuing responsibilities.

e) All documents and communications concerning Qamra Clarke's role, duties, responsibilities, authority, and access to confidential, proprietary, financial, operational, client, vendor, project, or intellectual property information while employed or engaged by Souk Bohemian prior to the departure of Morgan Ashley Bryant, including any discussions regarding the protection of company assets, confidential information, or intellectual property.

f) All documents and communications concerning any conversations, complaints, concerns, reports, or discussions involving Vanessa Coore Vernon relating to Toni Williams' conduct, behavior, performance,

professionalism, or interactions with the business, including any communications concerning Ms. Coore Vernon's concerns, reservations, or discomfort regarding Qamra Clarke's involvement with, responsibilities for, or access to confidential information, business operations, financial information, clients, projects, or other aspects of the business.

g) All documents and communications concerning Qamra Clarke's resignation, separation, termination, or departure from Souk Bohemian, including the events leading to her departure; her position, duties, and responsibilities at the time of separation; the transition of projects or responsibilities; the return or retention of company property; access to confidential or proprietary information; post-separation obligations; and any actual or anticipated concerns regarding confidentiality, competition, solicitation, misuse of information, or compliance with contractual, fiduciary, or ethical obligations.

2.

To the extent not covered in No. 1 above, any and all documents received by yourself, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the issues noted in No 1., a) through g) for the period January 1, 2023, through the present.

3.

Any and all communications between yourself or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to,

reflecting, discussing, involving, or mentioning the issues noted in No 1., a) through g) for the period January 1, 2023, through the present.

4.

Any and all reports and work papers prepared by yourself, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the issues noted in No 1., a) through g) for the period January 1, 2023, through the present.

5.

Any and all reports and work papers prepared at the request of any third parties not listed in No. 4 by yourself, or in the possession, custody, or control of your employees, agents, representatives, consultants, contractors, or any other persons acting on your behalf, concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the issues noted in No 1., a) through g) for the period January 1, 2023, through the present.

6.

Any and all meeting documents organized by yourself, and/or your employees relating to, referencing, reflecting, discussing, evidencing, or memorializing any meeting, conference, call, videoconference, presentation, discussion, negotiation, or other communication involving, attended by, organized by, scheduled by, hosted by, or including Toni Williams involved in, or concerning, relating to, referring to, reflecting, discussing, involving, or mentioning the issues noted in No 1., a) through g) for the period January 1, 2023, through the present.