**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SOUK BOHEMIAN, LLC,

     Plaintiff,

  v.

TONI WILLIAMS, individually and on
behalf of CULTIVATING CULTURES
LLC, QAMRA CLARKE, individually
and on behalf of CULTIVATING
CULTURES LLC, and CULTIVATING
CULTURES LLC.,

     Defendants,

v.

VANESSA COORE VERNON,
Third Party Defendant.

CASE NO.
1:24-cv-03384-ELR

## NOTICE OF INTENT TO SERVE SUBPOENA
## ON NON-PARTIES

COMES NOW, Souk Bohemian, LLC ("Plaintiff"), by and through its

counsel, and pursuant to Fed. R. Civ. P. 34 and 45, serves upon counsel of record

this Notice Of Intent To Serve Subpoena Commanding Production of Documents.

You are hereby notified that counsel for Plaintiff will serve a subpoena

commanding the production of documents on the following persons/ entities:

1. Canva US, Inc.
2. Early Warning Services, LLC (operator of the Zelle Network)

3. Pinterest, Inc.

4. Google LLC (including Gmail and Google Docs/Drive services)

5. AT&T Wireless / National Subpoena and Court Order Compliance Center

6. T-Mobile USA, Inc./ Subpoena Compliance Department

Copies of the Subpoenas are enclosed herewith as Exhibit "1."

Respectfully submitted this 6th day of July 2026.

**WEINSTEIN & BLACK, LLC**

/s/Michael B. Weinstein
Michael B. Weinstein, Esq.
Georgia Bar No. 746386
Gladys Reyes-Huesca
Georgia Bar No. 887685
3050 Amwiler Road #200-C
Atlanta, GA 30360
(404) 228-2629 (O)
mike@wblegal.net
gladys@wblegal.net

## <u>LOCAL RULE 5.1C CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared

in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 6th day of July 2026.

**WEINSTEIN & BLACK, LLC**

<u>/s/Michael B. Weinstein</u>
Michael B. Weinstein, Esq.
Georgia Bar No. 746386
Gladys Reyes-Huesca
Georgia Bar No. 887685
3050 Amwiler Road #200-C
Atlanta, GA 30360
(404) 228-2629 (O)
mike@wblegal.net
gladys@wblegal.net

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTIES:**

**1. CANVA US, INC.**

**2. EARLY WARNING SERVICES, LLC (OPERATOR OF THE ZELLE NETWORK)**

**3. PINTEREST, INC.**

**4. GOOGLE LLC (INCLUDING GMAIL AND GOOGLE DOCS/ DRIVE SERVICES)**

**5. AT&T WIRELESS/ NATIONAL SUBPOENA AND COURT ORDER COMPLIANCE CENTER**

**6. T-MOBILE USA, INC/ SUBPOENA COMPLIANCE CENTER**

upon all parties to this matter using the CM/ECF system, which will automatically send e-mail notification to all attorneys of record in this case, addressed as follows:

Kenneth Thompson, Jr.
Pierson Ferdinand, LLP
260 Peachtree Street NE
Suite 2200 Atlanta, GA 30304
kenneth.thompson@pierferd.com

Qamra Clarke
E. ps.qclarke@gmail.com
*Pro Se Defendant*

This 6th day of July 2026.

/s/ Michael B. Weinstein
Michael B. Weinstein

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

| | )  |
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Canva US, Inc.
3212 E. Cesar Chavez St., Building 1, Suite 1300, Austin, TX 78702
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
    See Exhibit "A"

| Place: Weinstein & Black, LLC | Date and Time: |
|---|---|
| 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | 07/20/2026 5:00 pm |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/06/2026

*CLERK OF COURT*

OR

_____          /s/ Michael B. Weinstein
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SOUK BOHEMIAN,
_____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

8. "Records" means any and all information, data, documents, electronically stored information, communications, or other materials maintained, stored, or preserved in any form for future reference, including, without limitation, all Canva presentations, mood boards, drafts and revisions, designs, decks, projects, templates, associated metadata, account log-in and access records (including the dates, times, IP addresses, devices used, and identities of persons accessing the account), account ownership and administrative information, audit logs, internal communications, contracts, invoices, payment records, project timelines, communications among project collaborators, user activity records, and any other information, data, or materials maintained by Canva relating to the requested Canva accounts.

9. All other terms utilized herein are to be given their customary usage in the English language.

## **INSTRUCTIONS**

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

      (a) missing or lost;

      (b) destroyed;

      (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

      (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## **REQUESTS FOR PRODUCTION**

1.

Produce any and all Records, as defined herein, associated with, utilized by, or maintained for any Canva accounts owned, operated, or accessed by the following persons or entities, during the specified timeframe, to the extent such Records exist:

**A. Specified Timeframe**: for the period from **January 1, 2023, through the present.**

**B. Individuals and Entities Subject to This Request**:

1. **Vanessa Coore Vernon** (Vanessa Mojave):
   Phone Number: 562-787-1169; 470-764-7164
   Email Address: vanessa@thebohemianbrands.com

2. **Souk Bohemian, LLC** (Vanessa Coore Vernon/ Vanessa Mojave's business)
   Phone Number: (404) 990-8341
   Website: https://soukbohemian.com/

3. **Qamra Clarke**:
   Phone Number: 617-774-9941
   Email Address: ps.qclarke@gmail.com;
   Qamraclarke@gmail.com; Qamra@thebohemianbrands.com

4. **Toni Williams**:
   Phone Number: (316) 516-5701

Email Address: toni.williams0884@gmail.com;

cultivating.cultures@gmail.com

5. **Cultivating Cultures, LLC:** (Toni Williams' business)

Website: https://www.cultivatingcultures.com/

6. **Morgan Ashley Bryant**

Phone Number: 510-717-4097

Phone Number: 678-310-5088

Email Address: morganashb@proton.me

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) |
| *Defendant* | ) |

Civil Action No.    1:24-cv-03384-ELR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Early Warning Services (operator of the Zelle Network), c/o Cogency Global Inc.
233 Peachtree St NE, Ste 2307, Atlanta, GA, 30303

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit "A"

| Place: Weinstein & Black, LLC<br>3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time:<br><br>07/20/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/06/2026

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Michael B. Weinstein
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    SOUK BOHEMIAN,
_____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

8. "Records" means any and all information, data, documents, electronically stored information, communications, or other materials maintained, stored, or preserved in any form for future reference, including, without limitation, all Zelle network registrations, payment profiles, digital ledger summaries, funds transfer logs, linked bank accounts, transaction histories, routing sheets, matching unique payment IDs, associated metadata, account log-in and access records (including the dates, times, IP addresses, devices used, and identities of persons accessing the account), account ownership and administrative information, registration token histories (including phone numbers and email addresses added or removed), audit logs, internal database notes, invoices, and processing timeline data relating to the requested Zelle and Early Warning Services accounts.

9. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for

each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information

convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

> (a) missing or lost;
>
> (b) destroyed;
>
> (c) transferred voluntarily or involuntarily to others, and if so, to whom: or
>
> (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

(h)  To the extent that any requested documents contain Nonpublic Personal Information (NPI) protected under the Gramm-Leach-Bliley Act (GLBA) or related financial privacy regulations, the Responding Party is authorized to produce such records pursuant to a valid judicial subpoena, court order, or protective order entered in this matter.

## REQUESTS FOR PRODUCTION

1.

Produce any and all Zelle/ Early Warning Services Records, as defined herein, associated with, utilized by, or maintained for any Zelle accounts owned, operated, or accessed by the following persons or entities, during the specified timeframe, to the extent such Records exist:

**A. Specified Timeframe**: for the period from January 1, 2023, through the present.

**B. Individuals and Entities Subject to This Request**:

1. **Qamra Clarke**:

   Phone Number: 617-774-9941

   Email Address: ps.qclarke@gmail.com; Qamraclarke@gmail.com

2. **Toni Williams**:

   Phone Number: (316) 516-5701

   Email Address: toni.williams0884@gmail.com;

3. **Cultivating Cultures, LLC:** (Toni Williams' business)

   Email: cultivating.cultures@gmail.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | | |
|---|---|---|
| SOUK BOHEMIAN, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:               Pinterest, Inc., c/o CT Corporation System
289 South Culver Street, Lawrenceville, GA, 30046
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        See Exhibit "A"

| Place: Weinstein & Black, LLC 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time: 07/20/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        07/06/2026

|                                         *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Michael B. Weinstein |
| *Signature of Clerk or Deputy Clerk* | _____ |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SOUK BOHEMIAN,
_____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03384-ELR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

8. "Records" means any and all information, data, documents, electronically stored information, communications, or other materials maintained, stored, or preserved in any form for future reference, including, without limitation, all presentations, boards (secret, shared, or public), Pins, uploaded images, visual links, drafts, revisions, marketing decks, project templates, associated image and file metadata, account log-in and access records (including the dates, times, IP addresses, devices used, and identities of persons accessing the account), account ownership and administrative information, account registration metrics, user profile modification logs, audit logs, internal communications, contracts, invoices, payment records, project timelines, communications among project collaborators, user activity records, and any other information, data, or materials maintained by Pinterest, Inc. relating to the requested Pinterest accounts.

9. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for

each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents. A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information

convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

(a) missing or lost;

(b) destroyed;

(c) transferred voluntarily or involuntarily to others, and if so, to whom: or

(d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

### 1.

Produce any and all Records, as defined herein, associated with, utilized by, or maintained for any Pinterest accounts owned, operated, or accessed by the following persons or entities, during the specified timeframe, to the extent such Records exist:

A. **Specified Timeframe**: for the period from January 1, 2023, through the present.

B. **Individuals and Entities Subject to This Request**:

1. **Qamra Clarke**:

   Phone Number: 617-774-9941

   Email Address: ps.qclarke@gmail.com; Qamraclarke@gmail.com

2. **Toni Williams**:

   Phone Number: (316) 516-5701

   Email Address: toni.williams0884@gmail.com;

3. **Cultivating Cultures, LLC:** (Toni Williams' business)

   Email: cultivating.cultures@gmail.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| SOUK BOHEMIAN, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Google LLC, c/o Corporation Service Company
          2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
          See Exhibit "A"

| Place: Weinstein & Black, LLC  3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time:  07/20/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        07/06/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Michael B. Weinstein |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SOUK BOHEMIAN, , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

8. "Records" means any and all information, data, documents, electronically stored information, communications, or other materials maintained, stored, or preserved in any form for future reference, including, without limitation, all Gmail communications, email threads, drafts, sent and received messages, Google Drive and Google Docs folders, text documents, spreadsheets, presentations, forms, uploaded attachments, visual assets, associated file metadata, account log-in and access records (including the dates, times, IP addresses, devices used, and identities of persons accessing the account), account ownership registration metrics, linked recovery options, user profile modification logs, audit trails, and any other data or materials maintained by Google LLC relating to the requested Google accounts.

9. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for

each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information

convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

    (a) missing or lost;

    (b) destroyed;

    (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

    (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below.  Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts.  If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you.  If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## <u>REQUESTS FOR PRODUCTION</u>

1.

Produce any and all Records, as defined herein, associated with, utilized by, or maintained for any Google accounts owned, operated, or accessed by the following persons or entities, during the specified timeframe, to the extent such Records exist:

A. <u>**Specified Timeframe**</u>: for the period from January 1, 2023, through the present.

B. <u>**Individuals and Entities Subject to This Request**</u>:

1. <u>**Qamra Clarke**</u>:

   <u>Phone Number</u>: 617-774-9941

   <u>Email Address</u>: ps.qclarke@gmail.com; Qamraclarke@gmail.com

2. <u>**Toni Williams**</u>:

   <u>Phone Number</u>: (316) 516-5701

   <u>Email Address</u>: toni.williams0884@gmail.com;

3. <u>**Cultivating Cultures, LLC:**</u> (Toni Williams' business)

   <u>Email</u>: cultivating.cultures@gmail.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | )
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) )|
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:          AT&T Wireless - National Subpoena and Court Order Compliance Center
11760 US Highway 1, Ste. 600, North Palm Beach FL 22408
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
          See Exhibit "A"

| Place: Weinstein & Black, LLC
3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time:
07/20/2026 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/06/2026

| *CLERK OF COURT* | |
|---|---|
| OR | |
| _____ | /s/ Michael B. Weinstein |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SOUK BOHEMIAN, , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

8. "Records" means any and all information, data, documents, electronically stored information (ESI), communications, or other materials maintained, stored, or preserved in any form for future reference by the service provider, including, without limitation, all:

   (a) Subscriber and Account Information: Account ownership records, registration documents, administrative information, contracts, invoices, billing statements, payment methods, credit card details, associated email addresses, and all historical customer service or account notes.

   (b) Call Detail Records (CDRs): Comprehensive call logs detailing all incoming, outgoing, and forwarded voice calls, including the dates, times, durations, originating numbers, terminating numbers, and call routing paths.

   (c) Electronic Communications: SMS (Short Message Service) text messages, MMS (Multimedia Message Service) messages, and any other multimedia or text-based transmissions, including message content (where preserved), dates, timestamps, routing details, and delivery statuses.

(d) Cell Site Location Information (CSLI) and Per-Call Measurement Data: Historical cell site or sector data, tower locations, GPS coordinates, Wi-Fi connectivity logs, and any other location-based data associated with the account's devices or network activity.

(e) Network and Access Logs: Account log-in and network access records, including the dates, times, assigned IP addresses (both static and dynamic), MAC addresses, International Mobile Equipment Identities (IMEI), International Mobile Subscriber Identities (IMSI), SIM card serial numbers, and specific device models or configurations used to access the network or account portal.

(f) Audit and Security Logs: Audit logs, internal communications, user activity records, security event logs, and any other data, metadata, or materials maintained by the service provider relating to the target telephone numbers, devices, or accounts.

All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts,

periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

   (a) missing or lost;

   (b) destroyed;

(c) transferred voluntarily or involuntarily to others, and if so, to whom: or

(d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below.  Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts.  If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you.  If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## REQUESTS FOR PRODUCTION

1.

Produce any and all Records, as defined herein, associated with, utilized by, or maintained for any cellular telephone accounts owned, operated, or accessed by the following persons or entities, during the specified timeframe, to the extent such Records exist:

**A. <u>Specified Timeframe</u>**: for the period from January 1, 2023, through the present.

**B. <u>Individuals and Entities Subject to This Request</u>**:

**1. <u>Qamra Clarke</u>**:

<u>Phone Number</u>: 617-774-9941

<u>Email Address</u>: ps.qclarke@gmail.com; Qamraclarke@gmail.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| SOUK BOHEMIAN, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-03384-ELR |
| TONI WILLIAMS, QAMRA CLARKE, CULTIVATING CULTURES, LLC, vs VANESSA COORE VERNON | ) ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     T-Mobile USA, Inc - Subpoena Compliance Department
4 Sylvan Way, Parsippany, NJ 07054
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A"

| Place: Weinstein & Black, LLC 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360 | Date and Time: 07/20/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/06/2026

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Michael B. Weinstein |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SOUK BOHEMIAN, _____ , who issues or requests this subpoena, are:

Weinstein & Black, LLC, 3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03384-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. "Document" means the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody, or control. The materials include without limitation, correspondence, memoranda, e-mails, text messages, photographs, handwritten notes, estimates of damage, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries and estimates. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as, but not limited to, initials, stamped indicia, comments or notations, of any character not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

2. "Communication" means any transmission of information, the information transmitted and any process by which information is transmitted, and includes written, electronic, and documented communications as well as oral communications.

3. "Complaint" shall mean Souk Bohemian, LLC's Complaint in this action.

4. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by you.

5. "Plaintiff" shall mean Souk Bohemian, LLC ("Souk Bohemian") in Case No. 1:24-cv-03384-ELR, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Defendants" shall mean Toni Williams, Qamra Clarke, Cultivating Cultures, LLC, and/or Vanessa Coore Vernon (collectively, "Defendants").

7. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

8. "Records" means any and all information, data, documents, electronically stored information (ESI), communications, or other materials maintained, stored, or preserved in any form for future reference by the service provider, including, without limitation, all:

   (a) Subscriber and Account Information: Account ownership records, registration documents, administrative information, contracts, invoices, billing statements, payment methods, credit card details, associated email addresses, and all historical customer service or account notes.

   (b) Call Detail Records (CDRs): Comprehensive call logs detailing all incoming, outgoing, and forwarded voice calls, including the dates, times, durations, originating numbers, terminating numbers, and call routing paths.

   (c) Electronic Communications: SMS (Short Message Service) text messages, MMS (Multimedia Message Service) messages, and any other multimedia or text-based transmissions, including message content (where preserved), dates, timestamps, routing details, and delivery statuses.

(d) <u>Cell Site Location Information (CSLI) and Per-Call Measurement Data</u>: Historical cell site or sector data, tower locations, GPS coordinates, Wi-Fi connectivity logs, and any other location-based data associated with the account's devices or network activity.

(e) <u>Network and Access Logs</u>: Account log-in and network access records, including the dates, times, assigned IP addresses (both static and dynamic), MAC addresses, International Mobile Equipment Identities (IMEI), International Mobile Subscriber Identities (IMSI), SIM card serial numbers, and specific device models or configurations used to access the network or account portal.

(f) <u>Audit and Security Logs</u>: Audit logs, internal communications, user activity records, security event logs, and any other data, metadata, or materials maintained by the service provider relating to the target telephone numbers, devices, or accounts.

All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(a) As to any document, thing, or part thereof which you assert is privileged or otherwise exempt from production, you should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts,

periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

(c) The term "document(s)" as used in these requests further embraces all document(s) within your possession, custody, or control, or the possession, custody, or control of any of your agents, representatives, attorneys, associates, or anyone else known to you which have not been previously produced to Souk Bohemian, LLC, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

(d) If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

      (a) missing or lost;

      (b) destroyed;

(c) transferred voluntarily or involuntarily to others, and if so, to whom: or

(d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(e) All documents produced in response to this Request should be marked according to the number of each specific request below. Documents sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(f) In producing all documents, you are requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts. If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(g) All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

## **REQUESTS FOR PRODUCTION**

1.

Produce any and all Records, as defined herein, associated with, utilized by, or maintained for any cellular telephone accounts owned, operated, or accessed by the following persons or entities, during the specified timeframe, to the extent such Records exist:

**A.** <u>**Specified Timeframe**</u>: for the period from January 1, 2023, through the present.

**B.** <u>**Individuals and Entities Subject to This Request**</u>:


      **1.** <u>**Toni Williams**</u>:

<u>Phone Number</u>: (316) 516-5701

<u>Email Address</u>: toni.williams0884@gmail.com