# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| SOUK BOHEMIAN, LLC, <br><br>     Plaintiff, <br><br> v. <br><br> TONI WILLIAMS, individually and on behalf of CULTIVATING CULTURES LLC, QAMRA CLARKE, individually and on behalf of CULTIVATING CULTURES LLC, and CULTIVATING CULTURES LLC, <br><br>     Defendants, <br><br> v. <br><br> VANESSA COORE VERNON, <br><br>     Third Party Defendant. | Case No. 1:24-cv-03384-ELR |

## DEFENDANTS TONI WILLIAMS' AND CULTIVATING CULTURES' MOTION FOR LEAVE TO FILE EXCESS PAGES IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER, TO QUASH DEPOSITION SUBPOENAS, AND FOR SANCTIONS

COME NOW Defendants Toni Williams and Cultivating Cultures LLC

(collectively, "Defendants"), by and through undersigned counsel, and respectfully

move the Court for leave to exceed the page limitations set forth in this Court's

Standing Orders and Local Rule 7.1(D), NDGa., in connection with Defendants' concurrently filed *Emergency Motion for Protective Order, to Quash Deposition Subpoenas, and for Sanctions*.  In support of this Motion, Defendants show the Court as follows:

## I.      Introduction

Defendants seek leave to file their Emergency Motion in a brief not exceeding thirty (30) pages, excluding exhibits.  The Court's Standing Orders require that parties seeking an extension of the page limit do so "at least five (5) days in advance of their filing deadline" and "explain with specificity the reasons necessitating the extension."  Defendants respectfully submit that the extraordinary circumstances described herein – including Plaintiff's counsel's unilaterally-noticed and taken deposition without coordination, Plaintiff's long-outstanding discovery deficiencies in defiance of court orders, and the immediate prejudice to Defendants' rights – constitute the compelling and exceptional circumstances that warrant leave to exceed the applicable page limitations.

## II.     Background

On or about July 8, 2026, Plaintiff's recently retained counsel, Michael B. Weinstein and Gladys Reyes-Huesca of Weinstein & Black, LLC, served deposition subpoenas on multiple non-party witnesses – including Pavan Iyer

(eightvillage, LLC), Cherie Ong (Good Places, LLC), Alison Cross, and Mylinh Cao (SRS Real Estate Partners, LLC) – scheduling their depositions for as early as July 14, 2026, a mere six days after service.  Plaintiff's counsel also noticed the depositions of Defendants Qamra Clarke and Toni Williams for July 24, 2026, without any prior consultation with defense counsel or Ms. Clarke regarding availability.  As of July 20, 2026, Plaintiff's counsel has proceeded to take at least one deposition in Defendants' absence, despite undersigned counsel's timely objection communicated on July 14, 2026, that "we object to any unilaterally-noticed depositions proceeding in our absence" and that "we are more than happy to collaborate on scheduling."

These actions occurred against a backdrop of Plaintiff's own long-outstanding discovery deficiencies, which persist despite orders of this Court and agreements of the parties.  On July 11, 2025 – more than one year ago – undersigned counsel served a detailed 12-page Rule 37 deficiency letter on then-counsel for Plaintiff outlining specific deficiencies in Plaintiff's and Vernon's responses to Defendants' written discovery.  Despite Defendants' good faith efforts, those deficiencies were never cured.  These deficiencies were subsequently presented to the Court through the Joint Discovery Statement (Doc. 56, filed October 10, 2025) and the Supplemental Joint Discovery Statement (Doc. 61, filed

3

November 3, 2025), and were the subject of the discovery conference before

Magistrate Judge Anand on November 20, 2025.  As of this date, Plaintiff has not

complied with its outstanding supplementation obligations notwithstanding the

Court's orders, the parties' joint status report agreements, and the immovable July

27, 2026 discovery cut-off.

## III.    Argument

### A.    The Court Has Discretion to Grant Leave to Exceed Page Limits

Courts in this District routinely grant motions to exceed page limits when

the issues presented are sufficiently complex or when a party seeks multiple forms

of relief.  In *In re ValuJet, Inc., Securities Litigation*, 984 F. Supp. 1472 (N.D. Ga.

1997), the Court granted motions to exceed page limitations, recognizing that "the

issues presented in this large and complex case will necessitate briefs that exceed

the page limitations."  *Id*. at 1476.  Similarly, in *Bellsouth Mobility, Inc. v.

Gwinnett County*, 944 F. Supp. 923 (N.D. Ga. 1996), the Court granted both

parties' motions to exceed page limits due to "the lack of reported authority

construing the TCA," "the novelty of the subject matter," and "the unusual

procedures required by the Act."  *Id*. at 927.

In *Jones v. Tauber & Balser, P.C.*, 503 B.R. 162 (N.D. Ga. 2013), the Court

acknowledged that strict adherence to page limitations could "force the Court to

4

ignore the serious discovery-related issues" raised by the movant, and thus elected to address the merits notwithstanding the party's page-limit extension assumptions. *Id*. at 197. The *Jones* Court's reasoning underscores that, where significant discovery-related issues are at stake, procedural accommodations serve the interests of justice.

**B.     The Issues Presented are Complex and Require Multiple Forms of Relief**

Defendants' Emergency Motion necessarily addresses multiple distinct but interrelated issues that cannot be adequately briefed within the standard page limits:

**1.      Emergency Protective Order Under Fed. R. Civ. P. 26(c).**

Defendants seek a protective order to prevent Plaintiff from continuing to unilaterally notice and take depositions without coordination. Rule 26(c) authorizes the Court to issue protective orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *Sanders v. Quiktrip Corp.*, 378 F. Supp. 3d 1177, 1183 (N.D. Ga. 2019) (emphasizing the Court's broad discretion under Rule 26(c) to manage discovery). The movant must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

5

**2.       Motion to Quash Under Fed. R. Civ. P. 45(d)(3).**  Defendants seek to quash the improperly issued subpoenas that failed to provide reasonable notice under Fed. R. Civ. P. 30(b)(1) and that violated the prior-notice requirement of Fed. R. Civ. P. 45(a)(4).  Detailing the factual basis for each deficient subpoena requires additional space.

**3.       Sanctions Under Fed. R. Civ. P. 37(a)(5) and 45(d)(1).**  Defendants seek reasonable attorney's fees and costs incurred in connection with opposing Plaintiff's discovery abuses.

**4.       Relief Related to Plaintiff's Outstanding Discovery Deficiencies.**  The motion addresses Plaintiff's year-long failure to comply with its discovery obligations despite court orders, the Joint Status Report, and the immovable July 27, 2026 cut-off – conduct that must be addressed in context with Plaintiff's aggressive and uncoordinated deposition campaign.

**5.       Relief Related to the Deposition Taken in Defendants' Absence.**  The motion seeks appropriate relief concerning the deposition that Plaintiff's counsel proceeded to take notwithstanding Defendants' timely objection, including re-deposition at Plaintiff's expense or suppression of the testimony.

**6.     The Emergency and Exigent Nature of This Motion Precludes Compliance with the Five-Day Advance Filing Requirement.**  The Court's Standing Orders require that parties seeking a page-limit extension do so "at least five (5) days in advance of their filing deadline."  The Court further provides that if a party files a motion to extend the page limit at the same time a brief is due, "the extension request will be denied absent a compelling and unanticipated reason for violating these Instructions."  Defendants respectfully submit that the emergency nature of the underlying motion – precipitated by Plaintiff's having already taken a deposition in Defendants' absence and having additional depositions imminently scheduled – constitutes a "compelling and unanticipated reason" satisfying the Court's exception.  With additional depositions scheduled for July 23 and 24, 2026, any delay in seeking relief will result in further irreparable prejudice to Defendants' rights.  See DeRubeis v. Witten Technologies, Inc., 244 F.R.D. 676 (N.D. Ga. 2007) (recognizing the Court's "broad discretion to modify the timing and sequence of discovery as required" under Rules 26(c) and 26(d)).

## C.     Diligence

Defendants have acted diligently throughout this litigation.  Good cause for the relief requested here exists because the circumstances giving rise to this motion

could not have been reasonably anticipated.  *See Stephens v. Alltran Financial, LP*, 325 F.R.D. 711, 712 (N.D. Ga. 2018) ("To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence.").  Plaintiff's new counsel appeared in this case only recently, and its decision to unilaterally issue multiple deposition subpoenas without any coordination was entirely unanticipated and has created the need for emergency relief spanning multiple issues that cannot be confined to the standard page limits.

## IV.    Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant leave to file their Emergency Motion for Protective Order, to Quash Deposition Subpoenas, and for Sanctions in a brief not exceeding thirty (30) pages, excluding exhibits.  The complexity of the issues, the multiple forms of relief sought, the exigent circumstances created by Plaintiff's unilateral conduct, and the interests of justice all support the requested accommodation.

Respectfully submitted this 21st day of July, 2026.

**PIERSON FERDINAND LLP**

*/s/ Kenneth Thompson, Jr.*
Kenneth Thompson, Jr.
Georgia Bar 708706

260 Peachtree Street NW
Suite 2200

8

Atlanta, GA 30303

(770) 722-7404
kenneth.thompson@pierferd.com

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1(B)</u>

I hereby certify that the foregoing pleading complies with LR 5.1(B) in that it was prepared in Times New Roman 14-point font.

<u>*/s/ Kenneth Thompson, Jr.*</u>
Kenneth Thompson, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed the foregoing DEFENDANTS TONI WILLIAMS' AND CULTIVATING CULTURES' MOTION FOR LEAVE TO FILE EXCESS PAGES IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER, TO QUASH DEPOSITION SUBPOENAS, AND FOR SANCTIONS with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

> Michael B. Weinstein (mike@wblegal.net)
> Gladys Reyes-Huesca (gladys@wblegal.net)
> Ishani Kumbar (ikumbar@knightpalmerlaw.com)

I further certify that I have served the foregoing document via U.S. Mail on the following party:

> Qamra Clarke
> 1239 Allene Ave SW, Unit 302
> Atlanta, GA 30310


> */s/ Kenneth Thompson, Jr.*
> Kenneth Thompson, Jr.

11